## H. V. SCHINTZ v. F. G. MORRIS, DISTRICT JUDGE.

### No. 439.—Decided June 4, 1896.

**1. Supreme Court—Appellate Jurisdiction.**

The Supreme Court has no appellate jurisdiction except over such cases as are within the appellate jurisdiction of the Court of Civil Appeals, and cannot determine a question presented by certificate of dissent from the latter court in a case brought there, not by appeal, but by original proceeding. (Const., art. 5, sec. 3, construed and grounds of decision of majority of the courts in Darnell v. Lyon, 85 Texas, 455, explained.) (Pp. 649 to 651.)

**2. Same.**

In a suit instituted in the Court of Civil Appeals to compel a district judge by writ of mandamus to proceed, upon a second trial of a case pending before him, to a hearing of the whole cause (he having granted a new trial upon a part only of the issues first decided), the Supreme Court had no jurisdiction, on dissent by one of the judges from the ruling awarding such mandamus, to revise that ruling upon certificate of the points of dissent—the jurisdiction of the Court of Civil Appeals in such proceeding being an original and not an appellate one. (Pp. 649 to 651.)

(Note.—Attention is called in the opinion to the omission from the reprint of the Constitution prefixed to the Revised Statutes of 1895 of the provision in the amended art. 5, sec. 6, authorizing the Legislature to add to the jurisdiction of the Courts of Civil Appeals.)

CERTIFICATE of dissent from the Court of Civil Appeals, Third District, in an original proceeding for writ of mandamus to the District Judge of Travis County.

The opinion states the points certified.

*Hogg* and *Robertson,* for H. V. Schintz, submitted brief and oral argument upon the point that the Supreme Court had no jurisdiction.

*F. G. Morris* filed brief and argument in support of the jurisdiction of the court.

GAINES, CHIEF JUSTICE.—H. V. Schintz, the plaintiff in the present proceeding, brought a suit in the District Court of the 53d judicial district, of which court the respondent F. G. Morris is judge, against one W. H. Tobin and one J. L. Hume to recover damages for false imprisonment and malicious prosecution. The case was tried and a verdict was returned in favor of the plaintiff on his cause of action for false imprisonment, but in favor of the defendants therein for the malicious prosecution. Thereupon a judgment was rendered for the plaintiff for the amount awarded him by the verdict, but nothing was said as to so much of the verdict as was in favor of the defendants. On motion of the defendants a new trial was granted as to the issue of false imprisonment, but not as to the other issue in the case, the court ordering that the verdict as to that should stand until a new verdict should be returned upon the cause of action upon which the new trial had been granted. Thereupon the plaintiff moved the court to set aside so much of his judgment granting a new trial as refused a new trial upon the issue found in favor of defendants and to permit him to proceed to trial anew at the then term, upon the whole case as made by the petition. This motion having been overruled, the plaintiff instituted this proceeding in the Court of Civil Appeals against the judge of the trial court to compel him to proceed to trial upon the whole case. The Court of Civil Appeals awarded the writ of mandamus, one of the judges dissenting. The points of dissent have under the statute been certified to this court for determination.

Has this court jurisdiction to hear and determine the questions presented? We are of the opinion that we are without jurisdiction over the questions, and that the certificate of dissent should be dismissed. The limits of the jurisdiction of the Supreme Court are defined in section 3 of article 5 of the Constitution. So much of that section as is necessary for the purposes of this opinion reads as follows:

"The Supreme Court shall have appellate jurisdiction only, except as herein specified, which shall be co-extensive with the limits of the State.

Its appellate jurisdiction shall extend to questions of law arising in cases of which the Courts of Civil Appeals have appellate jurisdiction, under such restrictions and regulations as the Legislature may prescribe. Until otherwise provided by law, the appellate jurisdiction of the Supreme Court shall extend to questions of law arising in the cases in the Courts of Civil Appeals in which the judges of any Court of Civil Appeals may disagree, or where the several Courts of Civil Appeals may hold differently on the same question of law, or where a statute of the State is held void."

The first limitation is contained in the first sentence of the section, and it is that the jurisdiction shall be appellate only, except in certain specified cases. The excepted cases of original jurisdiction do not concern us here. The second sentence still further limits the jurisdiction of the court to questions of law arising in cases of which the Courts of Civil Appeals have appellate jurisdiction. This provision of the Constitution came under consideration when this court was called upon to pass upon the question, whether or not the Legislature had the power to confer jurisdiction upon the court to decide a question certified for our determination by the Court of Civil Appeals, before any decision by that court. Darnell v. Lyon, 85 Texas, 455. In his able and elaborate dissenting opinion in the case cited, the late lamented Chief Justice of this court laid down the doctrine, that the decision by a Court of Appeals upon a question certified by a lower court before a determination of the question by such lower court was not the exercise of appellate jurisdiction by the former court over the latter. In this proposition the majority of the court concurred, but were of opinion, that while the jurisdiction of the court, with but few exceptions, was appellate only, it was not confined by the provision under consideration to questions appealed to the court from the Courts of Civil Appeals, but might be extended by the Legislature to questions arising in the Court of Civil Appeals on appeal from the trial court before appeal to this court. We thought that if it had been the purpose of the framers of section 3 of article 5 of the Constitution to empower the Legislature to confer jurisdiction upon this court to determine certified questions from the Court of Civil Appeals, they could not in so few words have expressed that purpose more aptly. The language of the provision is peculiar and suggests that the intention was to give the Legislature authority to confer jurisdiction upon the Supreme Court over any question of law which might arise upon appeal in the Courts of Civil Appeals, without reference to the manner in which the question should reach the former court. The court through its majority therefore held that it had jurisdiction to determine a certified question. We have deemed it proper to say this much upon the constitutional question decided in the Darnell and Lyon case, for the reason that, on account of circumstances not necessary to detail, no opinion was delivered expressing the views of the majority upon the question, and for the further reason that it serves to throw light upon the point now before us. But before proceeding to a com-

parison of the two cases, we will dispose of another question which presents itself. Is the present proceeding, as instituted in the Court of Civil Appeals, an exercise of its appellate jurisdiction? We think not. The original case of Schintz v. Tobin and Hume is still pending in the trial court. A case cannot be in a trial court and in a court of appeals at the same time. The Court of Civil Appeals is without power to revise any error or ruling made in that case. The present proceeding is an application to that court for a mandamus to compel the trial judge to proceed to the trial of the whole case as made by the original petition. In principle, it is not distinguishable from the case of Grigsby v. Bowles, 79 Texas, 138, in which the plaintiffs applied to this court, as it was constituted before the recent amendments to the judiciary article of the Constitution, for a mandamus to compel the judge of the District Court in which the original cause was pending to certify to the Governor his disqualification to try the case. It was held the jurisdiction sought to be invoked was original and not appellate, and since the jurisdiction of the Supreme Court was appellate only, the court had no power to grant the relief prayed for. The case is in point. If the jurisdiction was original in that case, that exercised by the Court of Civil Appeals was original in this. Assuming, then, that the suit for a mandamus against Judge Morris is an original, and in no proper sense an appellate proceeding, we have here a question rather the reverse of that presented in the case of Darnell v. Lyon. In that case, the question did not reach this court by appeal from the Court of Civil Appeals, but it was an appellate question in the latter court. In this case the questions which are sought to be presented, are brought up by a proceeding under the statute in the nature of an appeal to this court, but they are not "questions arising in cases of which the Courts of Civil Appeals have appellate jurisdiction." Because the question certified in the Darnell and Lyon case was one of the latter character, the majority of the court thought that the Legislature had power to give us jurisdiction over it; but since the questions in this case, though arising in the Court of Civil Appeals, are not questions over which that court has appellate jurisdiction, and since the Constitution confines our appellate jurisdiction to such questions only, we conclude we have no jurisdiction over this case.

It is to be noted that the recent constitutional amendments which provide for the creation of the Courts of Civil Appeals do not authorize those courts to compel a district judge by the writ of mandamus to proceed to the trial of a case; but section 6 of article 5, after prescribing the appellate jurisdiction of such courts, provides that, "Said courts shall have such other jurisdiction, original and appellate, as may be prescribed by law." In pursuance of that authority, when the Legislature came to provide for the organization of those courts and to fix their jurisdiction, they incorporated in the act the provision which now stands as article 1000 of the Revised Statutes of 1895, and which reads as follows: "The said courts, or any judge thereof, in vacation, may issue the writ of mandamus to compel a judge of the District Court to proceed to

trial and judgment in a cause, agreeably to the principles and usages of law, returnable on or before the first day of the next term or during the session of the same, or before any judge of the said court, as the nature of the case may require."

We here take occasion to call attention to the fact that in the reprint of the Constitution prefixed to the present revised statutes, the provision which authorizes the Legislature to add to the jurisdiction of the Courts of Civil Appeals and which is referred to above is inadvertently omitted.

For the reasons given, the certificate of dissent is dismissed for want of jurisdiction.

*Certificate of dissent dismissed.*

Delivered June 4, 1896.