DOWAGIAC MFG. CO. v. MINNESOTA MOLINE PLOW CO.

(Circuit Court of Appeals, Eighth Circuit. June 1, 1903.)

1. INJUNCTION—JURISDICTION TO PUNISH FOR VIOLATION—FILING OF MANDATE FROM APPELLATE COURT.

Where a mandate from the Circuit Court of Appeals, directing the entry of a decree granting an injunction, has been filed in the Circuit Court, jurisdiction to punish for contempt for a subsequent violation of such injunction is in the Circuit Court, and not in the appellate court.

On Demurrer to Petition to Attach for Contempt.
See 118 Fed. 136, 55 C. C. A. 86.

Wm. G. Howard and Fred L. Chappel, for petitioner.
Ephraim Banning, for respondent.

Before SANBORN and VAN DEVANTER, Circuit Judges, and SHIRAS, District Judge.

SANBORN, Circuit Judge (orally). An examination of the affidavits discloses the fact that the contempt charged in this case occurred subsequent to the filing of the mandate of this court in the United States Circuit Court. The proposition to which Mr. Howard has addressed himself, to the effect that every party in a proceeding is bound to take notice of the order of the court, and obey it, is undoubtedly sound; and, if there had been a violation of the injunction which was practically ordered by this court during the time antecedent to the remission of the mandate, the court would proceed to punish for contempt, if it thought proper to do so. But when the mandate of this court was remitted to the Circuit Court, the decree of that court was, in effect, modified, as declared by the opinion of this court; or, if not modified simply by the filing of that mandate, it was in the power of that court, upon motion of the successful party. to so change its decree that it would read in accordance with the opinion then handed to it by this court. If that application has not been made, it may still be made; and if there has been a violation of that decree since the mandate was remitted, we are unanimously of the opinion that the jurisdiction to punish for that violation is not in this court, but in the Circuit Court. For this reason, the demurrer will be sustained, and the petition dismissed.