**ROSENFIELD v. CAMPBELL, District Judge.**
(No. 8611.)

(Court of Civil Appeals of Texas. Galveston. July 12, 1925. Rehearing Dismissed Oct. 1925.)

1. **Contempt** ⊜⇒44—**District Court may entertain motion for contempt in disobeying injunction granted by Court of Civil Appeals.**

While Court of Civil Appeals has continuing jurisdiction to protect and enforce its judgments, and may entertain motion for contempt in disobeying injunction granted by it, judgment rendered by such court on reversing judgment of District Court becomes judgment of latter court, and it is latter's duty, as well as right, to enforce it in like proceedings.

2. **Mandamus** ⊜⇒58—**Issuance of writ, requiring judge of district court to hear motion for contempt in disobeying injunction granted by Court of Civil Appeals, proper exercise of latter's jurisdiction to enforce judgment.**

Issuance of writ of mandamus, requiring judge of district court to hear and determine motion for contempt in disobeying injunction granted by Court of Civil Appeals, is proper exercise of latter's jurisdiction to enforce judgment.

3. **Contempt** ⊜⇒44—**Judge of Eightieth district court may enforce injunction issued by clerk of Sixty-First district court by punishing disobedience as contempt.**

Writ of injunction, issued by clerk of Sixty-First district court, as directed by Court of Civil Appeals on reversing such district court's order refusing injunction, was process of district court, which latter, through judge of Eightieth district court on motion therein, could protect and enforce by punishing disobedience as contempt, under Acts 38th Leg. (1923), c. 104.

---

**4. Mandamus ⬉4(3)—Only remedy to compel lower court to hear and determine motion for contempt in disobeying injunction.**

No appeal being authorized from trial court judgment refusing to hear and determine motion for contempt in disobeying injunction, relator's only remedy is to invoke authority of Court of Civil Appeals, under Vernon's Sayles' Ann. Civ. St. 1914, art. 1595, to require lower court to proceed to trial and judgment on motion.

**5. Mandamus ⬉58—Soundness and validity of appellate court's judgment ordering injunction cannot be questioned by trial judge in mandamus proceedings to compel him to pass on motion for contempt in disobeying injunction.**

Soundness and validity of judgment of Court of Civil Appeals, ordering injunction against further violation of contract until final judgment in action for breach, cannot be questioned by trial judge on application for mandamus to require him to hear and determine motion for contempt in disobeying injunction.

Original application by M. H. Rosenfield for mandamus to Hon. Roy Campbell, Judge of the District Court of the Eightieth Judicial District. Writ granted.

Heidingsfelder, Kahn & Branch, and Samuel Schwartz, all of Houston, for relator.

Homer Stephenson, of Houston, for respondent.

PLEASANTS, C. J. This is an application for mandamus, presented by relator, to require the respondent, who is judge of the district court of the Eightieth judicial district to hear and determine a motion for contempt filed in the case of Rosenfield v. Seifert, which is pending in the district court for the Sixty-First judicial district, and presented to respondent for hearing.

The following are in substance the allegations of the application which is duly verified by the oath of the relator. In a suit brought by relator against J. W. Seifert and M. W. Seifert in the Sixty-First district court for Harris county, the plaintiff asked for a temporary injunction restraining the defendants, until final judgment could be rendered in the cause, from further violation of a contract executed by them, and upon the alleged breach of which plaintiff's cause of action was based. The trial court refused to grant the injunction. From the order refusing the temporary injunction, the plaintiff, relator herein, appealed to this court.

In disposing of that appeal, on April 18, 1925, we rendered the following judgment:

"This cause came on to be heard on the transcript of the record, and the same being inspected, because it is the opinion of this court that there was error in the judgment, it is therefore considered, adjudged, and ordered that the judgment of the court below be reversed, and because it is further the opinion of this court that an injunction in the terms indicated below should have been granted by the trial court, and this court here now proceeding to render such judgment as should have been rendered by the court below on the application of the plaintiff, it is ordered, adjudged, and decreed that the district clerk of Harris county, upon the filing with him of a bond in the sum of $1,500, executed in the terms of the law, do issue an injunction restraining the defendants, J. W. Seifert and M. W. Seifert, their agents and employés, during the pendency of this suit, unless otherwise ordered, from conducting any factory or business for the manufacture of dry tumblers or from selling any dry tumblers of the kind manufactured by the plaintiff, M. H. Rosenfield, under the patent right purchased by him from the defendants within the following territory. (Here follows designation of the territory.) The states of Texas, Louisiana, Alabama, North Carolina, South Carolina, Virginia, Kentucky, New Mexico, Arizona, Georgia, Mississippi, Florida, Arkansas, Tennessee, and that part of the state of California south of the town of Bakersfield in said state, Oklahoma, and the Republic of Mexico.

"It is further ordered that the appellees, J. W. Seifert and M. W. Seifert, pay all costs incurred by this proceeding and this decision be certified below for observance."

The bond required by this judgment was duly executed and filed, and thereafter, on the 23d day of April, 1925, a writ of injunction was issued by the clerk of the trial court restraining the defendants Seifert, in the terms of the judgment above set out. This writ was duly served upon said defendants on the day it was issued.

Thereafter, on May 12, 1925, the defendants, Seifert, filed in the district court for the Sixty-First district, in which said cause is pending, an amended answer to plaintiff's petition and a plea in reconvention for damages against plaintiff, and also a motion to dissolve the temporary injunction. Upon a hearing on the motion to dissolve, on May 27, 1925, the court sustained a plea in abatement presented by the plaintiff, relator herein.

On June 3d, the relator filed a motion and affidavit in the district court for the Sixty-First district, charging defendants, Seifert, with disobeying the injunction theretofore issued and served on them by continuing to manufacture and sell in the prohibited territory the machines or appliances described in the judgment granting said injunction, and in the writ issued thereon, and praying that said defendants be cited to appear and show cause why they should not be held in contempt for violating the injunction issued out of said court.

On June 8th, the defendants filed and presented the following answer to the contempt proceeding:

---

"In the District Court of Harris County, Texas. Sixty-First Judicial District.

"M. H. Rosenfield v. J. W. Seifert et al.

"No. 113533.

"Now come J. W. Seifert and M. W. Seifert, defendants and respondents in the above-styled cause, and respectfully represent to the court that they are in no manner guilty of contempt of any order, decree, or action of this honorable court or either of the district courts of Harris county, Tex., or of any other court, and demur to the complaint filed herein by plaintiff, M. H. Rosenfield, and say that same is wholly insufficient and should be abated and dismissed for want of jurisdiction of this honorable court to entertain the same, or of jurisdiction of any other court to entertain this contempt complaint or any such other complaint that may be filed herein for the reason that such writ of injunction which plaintiff claims these defendants have violated was issued by the Court of Civil Appeals for the First supreme judicial district of Texas, at Galveston, and not by any trial judge of either of the district courts of Harris county, Tex.; and that said Court of Civil Appeals has vested itself of jurisdiction and has transmitted its mandate to the Sixty-First judicial district court of Harris county, Tex., all of which facts are here now called to the attention of the court and are apparent of record herein.

"Wherefore, these defendants and respondents pray that plaintiff's complaint and application that they be held in contempt of this court be abated and dismissed."

This plea of the defendants was sustained by the respondent on June 9, 1925, and the contempt proceedings were abated and dismissed. This application for mandamus named the defendants, Seifert, as corespondents.

The attorney of record for the defendants, Seifert, in the original suit, and on the hearing of the contempt motion, has filed an answer in this court as attorney for the respondent, Roy Campbell, and as amicus curiæ. The answer of the respondent, Campbell, is as follows:

"Now come respondent, Roy Campbell, presiding judge of the district court of Harris county, Tex., and Homer E. Stephenson in the capacity of amicus curiæ, in answer to relator's application for mandamus herein, and in answer to same would show that the trial judge declined to entertain the contempt proceeding referred to in relator's application, for the reason and upon the theory that the district court had not jurisdiction, and that such contempt proceeding should be entertained by the honorable Court of Civil Appeals which rendered the judgment under which such contempt proceedings are alleged to have arisen. Further than this, the Honorable Roy Campbell, district judge, has no further answer to make."

The remainder of the answer which the attorney presents as amicus curiæ excepts to the application for mandamus on the ground that it shows upon its face that it is an attempt on the part of relator to have respondents, Seifert, punished for acts performed by them prior to the issuance of the injunction, and that to entertain contempt proceedings for such acts would be to give the injunction a retroactive effect, which is not permissible.

It is further contended on behalf of said respondents that the application is insufficient, in that it fails to show affirmatively that the original suit has not been finally tried and the injunction finally denied, or in some way materially modified. This answer rather excepts to the application on the ground that it does not show any authority of respondent, Honorable Roy Campbell, who is judge of the district court for the Eightieth district to hear a motion for contempt based on the disobeying by defendants of the orders or processes issued by the district court for the Sixty-First district.

The remainder of the answer consists of an argument and citation of authorities in support of the proposition that because the judgment ordering the issuance of the writ of injunction was rendered by this court, the district court had no jurisdiction to entertain a motion for contempt for disobeying the injunction, and an attack upon our judgment granting the injunction, as unsound and unauthorized.

[1] The trial court erred in holding that jurisdiction to hear and determine the motion for contempt rested solely in this court. It is true that the judgment upon which the injunction issued, having been rendered by this court our jurisdiction to protect the integrity of that judgment and prohibit any change or interference therewith by the district court, cannot be questioned.

The continuing authority of this court to so protect and enforce its judgments has been uniformly upheld by our supreme and appellate courts. Coneley v. Anderson (Tex. Sup.) 164 S. W. 985; Cattlemen's Co. v. Willis (Tex. Civ. App.) 179 S. W. 1115; Palestine v. City of Houston (Tex. Civ. App.) 262 S. W. 215.

It is equally well settled that when a judgment of a district court has been reversed by an appellate court, and judgment rendered for the appellant, the judgment so rendered becomes, by the very terms of the statute, the judgment of the district court, and that court is not only authorized, but it becomes its duty to enforce such judgment. Henry v. Red Water Lumber Co. (Tex. Civ. App.) 102 S. W. 749; San Antonio L. & P. Co. v. Davis (Tex. Civ. App.) 235 S. W. 612; Dowagiac Mfg. Co. v. Minnesota, Moline Plough Co., 124 F. 735, 61 C. C. A. 57; and Gates v. McDaniel, 3 Port. (Ala.) 356, cited in footnote 54 under section 876, 32 C. J. pp. 501, 502.

The writ of injunction issued in this case by the clerk of the district court was the process of that court, and the authority and duty of that court to protect and enforce its

process by punishing disobedience thereof cannot be doubted.

[4] No appeal being authorized from the judgment of the trial court refusing to hear and determine the motion for contempt, relator's only remedy is to invoke the authority of this court conferred by article 1595, Vernon's Sayles' Civil Statutes, to require the lower court to proceed to trial and judgment on the motion agreeably to the principles and usages of law.

[2] The proposition, that the issuance of writ of mandamus is a proper exercise of our jurisdiction in the circumstances shown by this record, is sustained by the following authorities: 18 R. C. L. §§ 233, 234, pp. 299, 300, 301, and cases cited in footnotes, and especially the case of State v. Williams, 136 Wis. 1, 116 N. W. 225; 20 L. R. A. (N. S.) 941; State v. Ninth Judicial District Court, 38 Mont. 166, 99 P. 291, 129 Am. St. Rep., 636, 35 L. R. A. (N. S.) 1098; In re Grossmayer, 177 U. S. 48, 20 S. Ct. 535; 44 L. Ed. 665, and other cases cited in footnote 5, p. 300. See, also, authorities cited in the case of State v. Williams, supra, p. 227.

No question was raised before respondent, Campbell, as to his authority to hear the motion which was filed in the court for the Sixty-First district, and based the charge of contempt upon the alleged disobedience of an injunction issued out of that court.

[3] The act of the Thirty-Eighth Legislature, creating the Eightieth district court and providing for the transfer, hearing and disposition of cases in the Eleventh, Fifty-Fifth, Sixty-First, and Eightieth districts, gives to the judges of each of the districts named full authority to preside in any of said courts. This act provides:

"The judge of any of said courts may hear and determine demurrers, motions, applications for injunction, applications for receivers, pleas of privilege, pleas in abatement, motion for new trial, and all dilatory pleas and preliminary matters, questions and proceedings, and any part of a case or proceeding, and enter judgment or order thereon in the court in which the case is pending without having the case transferred to the court of the judge acting, and the judge in whose court the case is pending or the judge of any other of said courts may thereafter proceed to hear, determine and complete the case or any part thereof. Any judgment rendered or action taken by any of said judges in any of said courts in Harris county, whether in his own court or not shall be as valid and binding as if the judgment were rendered or the action taken by the judge of the court in which the suit or proceeding was first filed, and in the court and courtroom of that court." Acts of Thirty-Eighth Legislature, p. 203.

In passing upon the validity of this act in the recent case of Porch v. Rooney (Tex. Civ. App.) 275 S. W. 494, this court said:

"The evidence purpose of these legislative acts was to equalize the dockets and expedite the business of civil district courts in large counties, having two or more such courts, and we find nothing in the provisions of these statutes which is inhibited by any express or necessarily implied provision of our state Constitution."

The opinion of the Supreme Court in the case of Ex parte Gonzales does not construe nor pass upon the validity of the statute above quoted, and does not sustain the contention that respondent, Honorable Roy Campbell, had no authority to pass upon the motion filed in the Sixty-First district court.

There is no merit in any of the other exceptions to the proceedings presented by the attorney for respondents, Seifert. The application is not subject to any of the exceptions made to it by the respondents.

[5] It goes without saying that the soundness and validity of the judgment of this court, ordering the injunction, cannot be questioned by the trial judge in this proceeding.

The orderly administration of the law requires the trial judge to observe and enforce that judgment, and makes it the duty of this court to compel such observance and enforcement of its judgment.

If we have committed error in rendering such judgment, it can only be corrected by the Supreme Court.

The prayer for mandamus has been granted, and the writ ordered issued.