# JUNE, 1926

## J. K. QUINN V. THAD. HALBROOK ET AL.

No. 4217. Decided June 9, 1926.

(— S. W. —)

**Supreme Court—Jurisdiction—Certified Question.**

The Supreme Court has no jurisdiction to answer certified questions in a case brought in the Court of Civil Appeals by virtue of its original, not its appellate jurisdiction—as in a proceeding in that at court for procuring issuance of a writ of prohibition to an inferior tribunal. Long v. Martin, 115 Texas, p. 519, followed. (Pp. 514, 515).

Question certified from the Court of Civil Appeals for the Seventh District, in a proceeding originating in that court.

*A. J. Smith,* for applicant for the writ.

MR. CHIEF JUSTICE CURETON delivered the opinion of the court.

This case is before us on certified question. It was referred to the Commission of Appeals, and an opinion prepared for our consideration, but upon mature examination it is clear to us that the Supreme Court has no jurisdiction of the case. It is therefore unnecessary to further consider the opinion of the Commission of Appeals, since we must dismiss the certificate.

The facts are stated in the certificate by Chief Justice Hall of the Court of Civil Appeals for the Seventh District as follows:

"J. K. Quinn, defendant in error, in the above styled and numbered cause, has applied to this court for writ of prohibition, to prevent interference with the execution of the judgment of this court heretofore entered in such cause. The facts are, that on November 7, 1922, J. K. Quinn in cause No. 8 on the docket of the County Court of King County, recovered judgment against Thad Halbrook and others. Thereafter, in March, 1923, the defendants in such cause filed petition and bond in writ of error; no transcript of the record was filed, however, within the time prescribed by law, and on February 26, 1924, the judgment was affirmed by this court on certificate, on motion made by defendant in error, Quinn. After such affirmance, the defendants in cause No. 8 filed another suit in the County Court of King County, being suit No. 12, against Quinn, to set aside and cancel said judgment in cause No. 8 affirmed by this court, and to enjoin the levy of execution issued thereon. It was alleged by petitioners in suit No. 12 that no service of citation had been had upon them as defendants in cause No. 8; that they had made no appearance therein, and that said judgment was void; also that judgment was procured by fraud, in that the case had been taken up and judgment rendered in the absence of defendants' attorney, and in violation of agreement with plaintiff's attorney that defendants' attorney should be notified when the case would be called for trial. It was further alleged that the defendants did not know of the rendition of said judgment until after the expiration of the term of court at which it was rendered, and that they had a good defense. Quinn answered in cause No. 12; the case was tried and judgment rendered setting aside the judgment in cause No. 8, except as to defendant Halbrook, from which judgment Quinn gave notice of appeal. We are not informed whether the appeal has been perfected.

"We granted the application for writ of prohibition, on opinion which accompanies this certificate. Respondents have filed a motion for rehearing, which is now pending, and have also filed a motion to certify, alleging that our decision is in conflict with the following decisions of the courts of civil appeals and the Supreme Court: State Ex Rel. Bostic v. Stark, 203 S. W., 371; Kelly v. Ward, 60 S. W., 311; Elstun v. Scanlan, 202 S. W., 762; Cattlemen's Trust Company v. Willis, 179 S. W.. 1117.

"We do not concede that there is necessarily such conflict as would require certification of the question decided; but regardless of such fact, we deem it advisable, on account of the uncertainty of the law in respect to such matter, to certify the question. We therefore certify to your Honorable Court, for decision, this question:

"Question: Did we err in granting the writ of prohibition under the facts stated?"

From the above statement it is apparent that the question certified arises on an original application for writ of prohibition in the Court of Civil Appeals. The Supreme Court has no jurisdiction of certified questions in cases of this character. Long v. Martin, this day decided, but not yet officially reported; Shintz v. Morris, 89 Texas, 648; Harvey v. Patterson, 59 S. W., 63.

The case is withdrawn from the Commission of Appeals, and the certificate accordingly dismissed.