## RICHARDSON et al. v. BEASLEY et al.
### No. 4220.

Court of Civil Appeals of Texas. Texarkana.
May 5, 1932.

Rehearing Denied June 2, 1932.

Eckford & McMahon, of Dallas, Pollard, Beauchamp, Lawrence & Lux, of Tyler, and Eugene De Bogory, of Dallas, for appellants.

Fischer & Fischer, of Tyler, for appellees.

SELLERS, J.

C. U. Beasley instituted this suit in the district court of Smith county on November 2, 1931, against A. H. Richardson, trustee for Inland Oil Company, a trust estate, to recover a debt of $7,200 due him on a certain contract executed by A. H. Richardson as trustee for Inland Oil Company; and also sought a foreclosure of a lien upon certain leases owned by the Inland Oil Company. A number of other parties were made defendants in the suit upon allegations that they were asserting some character of lien against the property, but that such liens were inferior to the lien asserted by the plaintiff.

Plaintiff further alleged in his petition that A. H. Richardson, trustee for Inland Oil Company, and also the company, are insolvent, and that he and the other creditors named in the petition will probably lose their debt, unless a receiver is appointed to take charge of the leases and produce the oil therefrom. The petition was sworn to by the plaintiff. On November 2, 1931, the Honorable Walter G. Russell, judge of the district court of Smith county, upon an ex parte hearing appointed E. S. Coens as receiver of the property described in the petition.

On November 19, 1931, A. W. Richardson, a stockholder and partner in the Inland Oil Company, sued the other stockholders and partners, one of whom was A. H. Richardson, in the district court of Dallas county for an accounting, and also secured the appointment of O. B. Freeman as receiver for the same property over which the receiver was appointed in the case pending in the district court of Smith county. Thereafter O. B. Freeman filed in this case a motion to vacate the receivership proceeding pending in the Smith county court, which motion, upon a hearing before the court, was in all things overruled, and from this order Freeman has duly prosecuted this appeal.

The principal contentions asserted by the appellant as to why the court should vacate the receivership proceeding in Smith county are: (1) That the Inland Oil Company was not a legal entity by which it would be sued, and that a suit against A. H. Richardson as trustee for Inland Oil Company would not authorize the court to render judgment against such company; (2) that, if the court

in Smith county had jurisdiction to appoint the receiver on November 2d, yet it should be vacated, because such receiver failed to qualify by taking the oath and giving bond until after the appellant had qualified as receiver of the property by virtue of his appointment in the court in Dallas county.

We are of the opinion that neither of these contentions should be sustained. The Inland Oil Company was formed by the following agreement, to wit:

"Be it known to all men: On this day the undersigned parties have and do hereby associate themselves together for the purpose of buying and selling oil leases, royalties, lands, contracts to drill for oil, to drill oil and gas wells, to produce natural gas, to market the products of oil and gas wells, to lay pipe lines for transporting oil or gas.

"The Company shall be known as the Inland Oil Company and shall not be incorporated for one year from date, at which time a charter shall be applied for under the laws of the State of Texas, and the capital of the corporation shall be based upon the actual value of the properties owned at that time. There shall be no treasury stock, all stock shall be fully paid and non-assessable and the parties hereto shall receive stock of the corporation in the proportion to which their stock in this Stock Partnership bears to the amount of stock for which the corporation is capitalized.

"The Capital of the Joint Stock Partnership shall consist of One Hundred Shares (100) of no stated par value.

"For and in consideration of the payment into capital by Mrs. Monte Richardson of $1,000.00 and her further agreement to supply the funds necessary for the expenses of the operations to be carried on until the organization is self-sustaining, she is to be and is hereby given Ninety-eight (98) of the said 100 shares.

"For and in consideration of the payment into capital of this joint Stock Partnership, A. W. Richardson of Bexar County, is to be and is hereby given one (1) share of the said 100 shares of stock.

"For and in consideration of services rendered and to be rendered, A. H. Richardson of Dallas County, Texas, is to be and is hereby given One (1) share of the 100 shares of stock of this joint Stock Partnership. Mrs. Monte Richardson shall be President of the Inland Oil Company until such time as the incorporation shall take place.

"A. W. Richardson shall be Vice-President of the Inland Oil Company for the same term.

"A. H. Richardson shall be Secretary and Treasurer, General Manager of all operations of the said Joint Stock Partnership known as the Inland Oil Company, with power of Attorney which is hereby confirmed and granted. Mr. A. H. Richardson shall have and is hereby given authority to act in behalf of the Partnership, to sign all documents, to trade, buy, sell and operate in any way he may see fit in the name of the Inland Oil Company, without consulting in any way or at any time, the other signers hereto.

"The said A. H. Richardson hereby agrees to operate as above and only in behalf of the Inland Oil Company, and further agrees that any oil lease or contract of whatsoever nature made by himself, whether in the name of the Company or in his own name, shall be the property of the Inland Oil Company, and shall be transferred to it.

"He is to keep a record of all his operations and report each three months. For his services he is to receive the sum of Five Hundred ($500.00) Dollars per month.

"Witness our hands this the First day of July, 1925."

(The instrument was signed and acknowledged by the parties.)

The above agreement was recorded in the Deed Records of Gregg county, Tex., where the property was located. The above agreement was also amended on July 5, 1931, which amendment provided that the joint-stock partnership would not be incorporated as provided for in the agreement, but that it should continue to operate as a joint-stock partnership for a period of ten years from July 1, 1925. This instrument was also signed and acknowledged by the parties and recorded in Gregg county.

As we view the agreement, it comes squarely within the provisions of article 6133, R. S. 1925, wherein it is provided that unincorporated stock companies or associations may sue or be sued in its company or distinguishing name. But the difficulty in this case arises out of the fact that the Inland Oil Company was not sued. The suit was against A. H. Richardson, its trustee, and this calls for a determination of the power conferred upon A. H. Richardson as such trustee. We have carefully considered the trust agreement, and have concluded that the power conferred upon the trustee was so broad that it should be held as a matter of law that it was intended by the parties thereto to invest in A. H. Richardson, the trustee, the power to sue and be sued in his own name. Schuster v. Crawford (Tex. Civ. App.) 199 S. W. 327; and authorities therein cited. A. H. Richardson was expressly authorized to take and hold in his own name as trustee "the property of the Inland Oil Company," and generally to sell, trade and buy property and leases and operate the business in any way he saw fit in the name of the company. The suit, we conclude, was properly brought against A. H. Richardson, trustee of the Inland Oil Company. This holding, it would seem, would find support in the case of Bingham v. Graham (Tex. Civ. App.) 220 S. W. 105.

█ The fact that the receiver appointed in the case in Smith county had not qualified did not authorize the court in Dallas county to appoint a receiver of the property already in the custody of the court of Smith county. Riesner v. G., C. & S. F. Ry. Co., 89 Tex. 656, 36 S. W. 53, 33 L. R. A. 171, 59 Am. St. Rep. 84.

█ All questions with reference to the appointment of a receiver without notice were waived when the appellant filed his motion to vacate the order appointing the receiver, and are not entitled to be considered on appeal. Baptist Missionary and Educational Convention of Texas v. Knox et al. (Tex. Civ. App.) 23 S.W.(2d) 781.

The judgment of the trial court is affirmed.