### BROWNING–FERRIS MACHINERY CO. v. THOMSON et al.
### No. 1370.

Court of Civil Appeals of Texas. Waco.

Nov. 25, 1932.

Rehearing Denied Dec. 22, 1932.

Leachman & Gardere, of Dallas, for relator.

Kerr & Gayer, of San Angelo, for respondents.

PER CURIAM.

This proceeding was instituted by relator, Browning-Ferris Machinery Company, a corporation, against respondents, W. S. Thomson and H. E. Fitzgerald, their attorneys, Lloyd Kerr and Louis D. Gayer, and the Honorable O. L. Parish, judge of the district court in and for the one hundred nineteenth judicial district of the state of Texas, to prohibit and restrain respondents, and each of them, from assailing the validity or interfering with the enforcement of a certain judgment recovered by relator against respondents Thomson and Fitzgerald in the district court of Dallas county which judgment on appeal to this court, was duly affirmed. Respond-

ents H. E. Fitzgerald and W. S. Thomson, on March 14, 1929, by written contract purchased from relator certain machinery, and agreed to pay therefor the sum of $4,170, to secure which a lien was acknowledged in said contract. Relator, alleging that default in payment had been made, on the 21st of October, 1929, instituted suit against said respondents in the district court of Dallas county to recover the remainder of the purchase price then unpaid and to foreclose said lien. They appeared and answered in said cause, and interposed certain specific defenses to any recovery by relator therein. Relator, on the 22d day of June, 1931, recovered a judgment against them for the sum of $3,216.62, with interest and costs of suit and for foreclosure of lien. They prosecuted an appeal from said judgment to this court. Said judgment was by this court affirmed on March 31, 1932, and on May 5, 1932, rehearing was denied. Application for writ of error was dismissed by the Supreme Court on July 19, 1932. The opinion of this court is published in Fitzgerald v. Browning-Ferris Mach. Co., 49 S.W. (2d) 489, et seq., to which reference is here made for the recital of material facts.

Respondent W. S. Thomson, at some time during the pendency of said appeal or prior thereto, filed a suit against relator in the district court of Runnels county in cause No. 3760 on the docket of said court, in which he sought to recover damages for an alleged breach of warranty by relator of the machinery so purchased. The original petition therein is not presented in these proceedings. Said Thomson, on or about the 27th day of August, 1932, filed in said cause his second amended original petition. He appeared as sole plaintiff, and relator was made sole defendant therein. He alleged therein that all the machinery so purchased was defective, inefficient, and wholly worthless for the purposes for which it was purchased. He also alleged that relator agreed to deliver said machinery promptly, and expressly warranted that the same was suitable for the purposes for which it was purchased, and would operate efficiently, and that said agreement and warranty were relied upon in entering into the contract for the purchase thereof. He further alleged a breach of both said agreement and said warranty. He claimed damages for delay in delivery in the sum of $20,-000, and further items of damage arising out of said breach of warranty in the aggregate amount of approximately $120,000. He further alleged that said Fitzgerald and those interested with him in the purchase and attempt to operate said machinery had transferred, assigned, and conveyed to him, the said Thomson, all the causes of action which they or either of them had against relator arising out of the purchase of said machinery and the attempt to operate the same. Said Thomson further alleged that relator

had sued out an order of sale and execution on the judgment recovered by it against him and said Fitzgerald in the district court of Dallas county, as aforesaid, and had placed the same in the hands of an officer for service. He further alleged that, as a necessary incident to the establishment and collection of the several claims so sued for by him therein, he was entitled to an ancillary writ of injunction to stay the enforcement of the judgment so recovered against him and said Fitzgerald by the relator as aforesaid during the pendency of said suit, and to offset said judgment as a credit on said claims. As special ground for such equitable relief, he alleged that relator did not have property in this state sufficient, over and above its liabilities and exemptions, to satisfy on execution sale the claims so asserted by him. He further alleged that the contract upon which said judgment was recovered had been, by agreement between relator and Fitzgerald, varied and changed without his knowledge or consent; that such change had been fraudulently concealed from him; that said judgment had therefore been recovered by concealment, trickery, and fraud, and that relator should not be permitted to enjoy the fruits of such fraud, and said judgment should therefore be stayed until the rights of the parties incident to the entire transaction should be fully determined. He further alleged, in substance, that he was a contractor; that he was engaged in the execution of a large contract; that, though thoroughly insolvent (solvent), he was in financial straits, and the present enforcement of said judgment would prevent him from executing such contract, subject him to the payment of large sums as liquidated damages, and result in irreparable injury. The allegations of fact relied upon as ground for equitable relief were verified.

Said petition was presented to the judge of said court, and, upon the allegations therein contained, a temporary injunction as prayed for was granted.

## Opinion.

The Constitution of this state provides, in substance, that the several Courts of Civil Appeals shall have appellate jurisdiction coextensive with the limits of their respective districts, which shall extend to all civil cases of which the district courts or county courts have original or appellate jurisdiction, and shall have such other jurisdiction, original and appellate, as may be prescribed by law. Constitution, art. 5, § 6. The Legislature, in pursuance of the authority conferred by said provision, has by statute authorized the several Courts of Civil Appeals to issue writs of mandamus and all other writs necessary to enforce their jurisdiction. R. S. art. 1823. The power to issue writs of prohibition and injunction for the protection

of such jurisdiction is conferred by said article. Hovey v. Shepherd, 105 Tex. 237, 242 et seq., 147 S. W. 224; City of Houston v. City of Palestine, 114 Tex. 306, 267 S. W. 663, 664, par. 1; Long v. Martin, 116 Tex. 135, 287 S. W. 494, 495, par. 1; Cattlemens Trust Co. v. Willis (Tex. Civ. App.) 179 S. W. 1115, 1117, par. 1; Reed v. Bryant (Tex. Civ. App.) 291 S. W. 605, 607, par. 1. The judgment of a trial court when duly affirmed on appeal becomes in legal effect the judgment of the appellate court so affirming the same. Halbrook v. Quinn (Tex. Civ. App.) 286 S. W. 954, par. 1; Reed v. Bryant, supra; Cattlemens Trust Co. v. Willis, supra. An application to a Court of Civil Appeals for such a writ after affirmance by it of the judgment of the trial court and the issuance of mandate thereto invokes the original jurisdiction of such Court of Civil Appeals, and it may, by such procedure as it deems proper, ascertain the facts and determine therefrom the merits of any defenses urged against the issuance of the writ or writs sought in such application. R. S. article 1822; Long v. Martin, 115 Tex. 519, 285 S. W. 1075, 1077, par. 1; City of Houston v. City of Palestine, supra, 114 Tex. 306, 267 S. W. page 664, pars. 2 and 3; Quinn v. Halbrook, 115 Tex. 513, 285 S. W. 1079; Id. (Tex. Civ. App.) 286 S. W. 954, 955, par. 6. A Court of Civil Appeals has authority, by issuance of such writ, to prohibit an attack by a court of inferior jurisdiction on the validity of its judgment or interference thereby with the due and lawful enforcement of the same. Hovey v. Shepherd, supra; Conley v. Anderson (Tex. Sup.) 164 S. W. 985, 986; Milam County Oil Mill Co. v. Bass, 106 Tex. 260, 163 S. W. 577; Rosenfield v. Campbell (Tex. Civ. App.) 276 S. W. 728, 729, 730, par. 1; City of Palestine v. City of Houston (Tex. Civ. App.) 262 S. W. 215, 219 et seq.

■ Relator's judgment, the enforcement of which has been enjoined, was based on a specific promise to pay a certain sum of money contained in the contract between it and respondents Fitzgerald and Thomson for the purchase of said machinery. The same was a liquidated demand. Both said respondents were duly cited and appeared and answered in said cause. The demands sued on by respondent Thomson in said cause No. 3760 pending in the district court of Runnels county are unliquidated, and are based on an allegation that the machinery so purchased was worthless and wholly without value, and on a further allegation that relator warranted the fitness and efficient operation thereof, and a breach of such warranty. Said defenses were available to respondents in relator's suit by a plea of failure of consideration and an action in reconvention for damages. While they were not required to present the same in such suit, they were permitted to do so to prevent duplication. They elected not to avail themselves of such privilege. They, however, while reserving such defenses, contested a recovery by relator in such suit on various other grounds, and pursued such contest until motion for rehearing of application for writ of error was overruled by the Supreme Court. Approximately two years and six months were consumed in reaching the conclusion of that litigation. They now ask that the enforcement of said judgment be indefinitely stayed to await the adjudication of said claims in order that they may attempt to extinguish the same by their recovery, if any, thereon. Having failed to avail themselves of the statutory privilege accorded them of pleading failure of consideration and presenting a plea in reconvention for damages alleged to have been sustained by such breach of warranty, they should be held to have waived any equitable right to stay the enforcement of said judgment merely to afford them an opportunity to litigate such demands. Reed v. Bryant (Tex. Civ. App.) 291 S. W. 605, 611, par. 8, and authorities there cited.

■■ Respondents' allegations which apparently were intended to charge as a ground for equitable relief the insolvency of relator, as hereinbefore recited, were wholly insufficient to do so. They do not conform to any accepted definition of insolvency. L. & H. Blum v. Welborne, 58 Tex. 157, 161, 162; Smith & Co. v. Ojerholm, 93 Tex. 35, 36, 53 S. W. 341; 32 C. J., p. 805, § 1; Id. p. 808, § 2; 17 C. J. p. 1377, §§ 4 and 5. The claims asserted by respondent Thomson were, as hereinbefore stated, wholly unliquidated, and therefore the true amount thereof incapable of verification. There was no attempt to verify the same. Such allegations were insufficient to justify interference with the enforcement of relator's judgment.

■ Respondents have herein expressly disclaimed any attempt to diminish, challenge, or destroy relator's judgment. On the contrary, they have expressly recognized the same as valid and final. They are therefore precluded from contending that the contract on which said judgment was rendered was so changed without the consent of respondent Thomson as to discharge him from liability thereon, or that such judgment was obtained by fraudulent concealment of such alleged change. While respondents' allegations are insufficient in themselves to establish such change, they do show that, if any change was made, it was at the instance and request of respondent Fitzgerald, and therefore fully known to him before and at the time of the trial which resulted in said judgment. Respondents Fitzgerald and Thomson made a joint defense at said trial, and, if there was any concealment of the asserted change, it was on the part of Fitzgerald, because relator was under no obligation to disclose the same. Respondent Thomson in said cause No. 3760 in Runnels county as aforesaid claimed to be the assignee of all causes of action and damages sustained by said Fitzgerald arising out

of said contract, and sought recovery thereon. He stands in part at least in the place occupied by Fitzgerald, and is in no position to complain. See, in this connection, Long v. Martin, 116 Tex. 135, 287 S. W. 494, 495, par. 2; Reed v. Bryant (Tex. Civ. App.) 291 S. W. 605, 610, par. 6.

■ Respondent Thomson's allegation that he was at the time in financial straits of course constitutes no ground for staying the enforcement of relator's judgment.

■ The relief prayed for in relator's petition is therefore granted, and the clerk of this court is directed to issue a writ of prohibition, directed to the Honorable O. L. Parish, judge of the one hundred nineteenth judicial district of this state, directing him and his successors in office to vacate the writ of injunction heretofore issued in said cause No. 3760 on the docket of the district court of Runnels county, Tex., and entitled W. S. Thomson v. Browning-Ferris Machinery Company, and restraining him and his successors in office from entering any other or further order in said cause or otherwise which would interfere with the proper execution of the judgment of the district court of Dallas county in the cause of Browning-Ferris Machinery Company v. H. E. Fitzgerald and W. S. Thomson. which judgment on appeal to this court was duly affirmed. Said clerk will also issue writs of injunction directed to and to be served upon the other respondents herein, restraining them and each of them, their agents, attorneys, and employees, and all persons claiming through or under them, or either of them, from instituting any other or further injunctive proceeding challenging the binding force of the judgment of this court in said cause, or the right of relator to proper judicial process to enforce the same. The costs of this proceeding are adjudged against all the respondents herein other than the Honorable O. L. Parish, judge as aforesaid. Since he acted in a judicial capacity in the premises, no costs are adjudged against him.