**MAXWELL'S UNKNOWN HEIRS et al. v. BOLDING et al.**

No. 1006.

Court of Civil Appeals of Texas. Waco.

Feb. 16, 1933.

H. E. Chesley, of Hamilton, and Wilkinson & Wilkinson, of Brownwood, for appellants.

A. R. Eidson, of Hamilton, for appellees.

ALEXANDER, Justice.

This is an application filed in this court by A. L. Maxwell and others for an injunction restraining Lillian Bolding and others from levying upon and selling under execution certain property belonging to petitioners in satisfaction of the court costs incurred in a certain cause theretofore pending between them in the district court of Hamilton county.

Lilliam Bolding and others, who are the respondents in the above petition and who will hereinafter be referred to as appellees, filed suit in the district court of Hamilton county against the unknown heirs of James Maxwell, deceased, who are the petitioners herein and who will be referred to as appellants, for partition of the community estate of William Maxwell and Mollie Maxwell, both deceased. The first trial in that court resulted in a judgment for the plaintiffs therein, but upon appeal to this court the judgment of the trial court was reversed and the cause remanded for new trial. See 11 S.W. (2d) 814. Upon the second trial judgment was for the plaintiffs therein and the property was ordered partitioned among the plaintiffs and the defendants. The trial court apportioned the costs of both trials among the plaintiffs and defendants, four-sevenths to the plaintiffs and three-sevenths to the defendants, in proportion to the value of the property awarded to each, as provided in Revised Statutes, article 6109. On appeal to this court the judgment of the trial court was affirmed. 36 S.W.(2d) 267. In the order of affirmance it was recited that the appellants and their sureties "shall pay all costs in this behalf expended." The appellants paid all costs of appeal and the mandate issued out of this court. Thereafter Lillian Bolding and others, appellees in said suit, caused an execution to issue out of the trial court for all costs incurred in both trials in that court and caused same to be levied upon the property of the appellants in said cause. The appellants offered to pay their pro rata share of the court costs so incurred in accordance with the judgment of the trial court, but the appellees declined to accept same in settlement of the cost awarded by said judgment. The appellants applied to this court and secured the issuance of a temporary writ of injunction restraining the sale of said property under said execution. The matter is now before this court to have said injunction made permanent.

The language of the judgment of this court, as shown by its mandate on the last appeal, to the effect that appellants and their sureties "shall pay all costs in this behalf expended," had reference only to the costs incurred incident to the appeal and not to any costs incurred in the trial court. Bonner v. Wiggins, 54 Tex. 149; Gulf, C. & S. F. Ry. Co. v. Hume (Tex. Sup.) 30 S. W. 863. All costs incident to the appeal have been paid by the appellants and such costs are not involved in this controversy. The only

question to be determined is: Who is liable for the costs incurred in the trial court?

■ As before stated, the trial court apportioned the costs incurred in both trials among the parties, plaintiffs and defendants, in proportion to the amount of property awarded to each of them. The appellees now contend that the appellants are liable for all such costs, while the appellants contend that they are not liable for any part of the costs of the first trial. Since this court affirmed the judgment of the trial court, it necessarily affirmed that part of the judgment which apportioned the costs among the plaintiffs and defendants therein, even though such cost was not specifically referred to in the judgment of this court. Summerhill v. Darrow (Tex. Sup.) 62 S. W. 1054, par. 3. That judgment has become final and determines the issues here involved unless this court was without authority to render such judgment.

■ The appellees contend that under the provisions of Revised Statutes, article 2065, upon affirmance of the judgment of the trial court, the appellants, as a matter of law, became liable for all costs incurred in the trial court. Said article 2065 provides as follows: "When a case is appealed, if the judgment of the higher court be against the appellant, but for less amount than the original judgment, such party shall recover the costs of the higher court but shall be adjudged to pay the costs of the court below; if the judgment be against him for the same or a greater amount than in the court below, the adverse party shall recover the costs of both courts. If the judgment of the court above be in favor of the party appealing and for more than the original judgment, such party shall recover the costs of both courts; if the judgment be in his favor, but for the same or a less amount than in the court below, he shall recover the costs of the court below and pay the cost of the court above." The above article was enacted for the purpose of prescribing the rule to be followed in assessing the costs in the county court where a case has been removed thereto by appeal or certiorari from the justice court, and does not have reference to the assessment of costs by the Court of Civil Appeals. This is apparent from the provisions of Revised Statutes 1911, articles 2046 and 2047, from which article 2065 of Revised Statutes 1925 was taken. Said articles 2046 and 2047 constitute a part of the chapter regulating practice in the county and district courts and deal with cases removed thereto by appeal or certiorari. These articles were taken from the Acts of 1870, page 87 (Paschal's Digest, §§ 6348 and 6349), which dealt specifically with cases removed from the justice court to the district court. The matter of assessing costs by the Court of Civil Appeals is regulated by Revised Statutes 1925, articles 1857, 1860, and 1870. We therefore hold that said article 2065 does not control in the matter here under consideration.

■ While the general rule is that the litigant who is successful in the trial court is entitled to recover of his adversary all costs, a review of the various provisions of the statute discloses that this rule does not always prevail. For example, it is provided in article 2056 that the successful party shall recover of his adversary all costs incurred therein, except as otherwise provided. Article 2066 provides that the court may, for good cause to be stated on the record, adjudge the costs otherwise. Article 6109 provides that in partition suits the costs shall be apportioned between the parties in proportion to the property allotted to each. Where a litigant is successful in having a part of the costs adjudged against his adversary in the lower court under either article 2066 or 6109, he should not be penalized merely because he is dissatisfied with such judgment and elects to appeal therefrom; yet such would be the result if he should be unsuccessful in his appeal and if we should apply the provisions of article 2065 in assessing the costs. He would not only subject himself to liability for the costs incident to and brought about by the appeal, which would be proper, but he would subject himself to the penalty of having to pay all costs incurred in the trial court. He would thus lose a part of the benefits recovered in the lower court merely because he, in good faith, elected to test the sufficiency of the judgment by appeal. We cannot assume that the Legislature intended to thus assess a penalty against a party who prosecutes his appeal in good faith, though unsuccessfully. The penalty for prosecuting a vexatious appeal is prescribed by Revised Statutes, article 1860.

■ We are of the opinion that when we affirmed the judgment of the trial court, we properly affirmed that part of the judgment apportioning the costs of both trials therein among the parties plaintiffs and defendants, and that appellants should be held liable for only such part of said costs as was adjudged against them in the trial court.

■ Since the judgment of the trial court was affirmed by this court, it thereby became the judgment of this court, and we have a right, and it becomes our duty, to protect said judgment and to see that it is properly enforced. 11 Tex. Jur. 908, § 131; Cattlemen's Trust Co. v. Willis (Tex. Civ. App.) 179 S. W. 1115; Browning-Ferris Machinery Co. v. Thomson (Tex. Civ. App.) 55 S.W.(2d) 168.

The appellees are entitled to collect from the appellants only such portion of the costs as was awarded against them by the trial court. Upon the payment of that part of the costs into the registry of the trial court by the appellants, the temporary injunction heretofore issued herein will be made permanent.