## LEACH v. LIBERTY STATE BANK et al.
### No. 2011.

Court of Civil Appeals of Texas. Waco.

May 5, 1938.

E. P. Bryan and Wright K. Smith, both of Dallas, for appellant.

J. L. Turner, of Dallas, for appellees.

GALLAGHER, Chief Justice.

Appellant, M. H. Leach, instituted suit in the county court against the Century Mutual Benefit Association, one of the appellees herein, to recover the sum of $541.-00, which he alleged was owed him for rent, for cash advanced and for two death benefits paid by him for said association when it was unable to pay the same. Appellant filed his affidavit and bond and caused a writ of garnishment to be served on the Liberty State Bank. Said bank answered, admitting that it was indebted to the association in the sum of $473.00 by reason of a deposit made by it. The garnishee made the association a party to the proceeding. Notwithstanding no disposition of the original suit of appellant against the association had been made, it appeared and filed a motion to quash the garnishment on grounds hereinafter stated. Appellant answered said motion, and without objection, appeared and participated in the hearing on the motion to quash. The court sustained said motion and entered final judgment quashing the garnishment proceedings.

The court ordered the original articles of association, the by-laws and one of the benefit certificates which appellant alleged he had paid for the association, transmitted to this court as original documentary evidence, under the provisions of article 2239 of our Revised Statutes, Vernon's Ann.Civ.St. art. 2239. Said documents show, in substance, that said association was unincorporated; that it was organized and operated solely for the benefit of its members and not for profit, and that its purpose was to provide a decent burial for its members. To bring the same within the exemptions accorded by Vernon's Ann. Civ.St. art. 4875a—29, it was specifically provided that no death benefit should exceed $150.00. Certain named individuals were constituted directors of the association and authorized to manage the same for the first year. The by-laws recited that said directors had been chosen and said by-laws adopted at a meeting of the certificate holders, and provided that such certificate holders should meet annually thereafter and select a board of directors. Appellant was one of the members of said association and was present and participated in the original organization thereof and the adoption of said articles and by-laws. He was chosen as president of the board of directors and served in that capacity until shortly before the institution of this suit, when he resigned as president and director and surrendered his membership in the association.

The trial court held that appellant could not maintain a suit at law against the association alone, but that he must make all the members thereof parties to his suit and seek equitable relief. The form and extent of such relief were not indicated. Suits against unincorporated associations in their distinguishing name, without making the individual members parties thereto or seeking personal recovery against them, are authorized and regulated by article 6133 et seq. of our Revised Statutes. It is specifically provided in article 6136 that judgments rendered in suits against such associations alone shall be binding on the joint property of all the members, but not on their individual property. Appellant's

suit and the writ of garnishment sued out in aid thereof were authorized and the court erred in quashing the garnishment on such ground. Kansas Life Ins. Co. v. First Bank of Truscott, Tex.Civ.App., 47 S.W.2d 675, 677, par. 1, and authorities there cited, affirmed 124 Tex. 409, 78 S.W.2d 584; St. Louis S. W. Ry. Co. v. Thompson, Tex. Civ.App., 192 S.W. 1095, par. 5, writ refused; Richardson v. Beasley, Tex.Civ. App., 50 S.W.2d 420; Andrews v. Manhattan Texas Petroleum Co., Tex.Civ.App., 252 S.W. 878, 879, par. 2, and authorities there cited. See, also, authorities cited in note III, 88 A.L.R. 166 et seq.

The judgment of the trial court is reversed and the cause remanded.