Jeanne T. MOORE, Relator,

v.

Tom E. ELLIS et al., Respondents.

No. 17268.

Court of Civil Appeals of Texas.

Dallas.

Dec. 27, 1968.

James J. Hartnett, of Turner, Hitchins, McInerney, Webb & Hartnett, Dean Carlton, of Meer, Chandler & Carlton, Dallas, for relator.

Fred S. Abney, Fred Harless, Dallas, for respondents.

CLAUDE WILLIAMS, Justice.

Original mandamus proceedings. On December 9, 1968 Jeanne T. Moore, widow of Virgil C. Moore, deceased, requested that we grant her leave to file her petition for mandamus against Tom E. Ellis, County Clerk of Dallas County, Texas, Bill Decker, Sheriff of Dallas County, Texas, and W. Lee Moore, Jr., Temporary Administrator of the Estate of Virgil C. Moore, Deceased, requiring said parties to pay over to her certain monies held by respondents. We granted relator's motion.

The facts are undisputed. Virgil C. Moore died August 10, 1966 leaving a will in which W. Lee Moore, Jr. was appointed independent executor. The will was duly admitted to probate by the Probate Court of Dallas County. A contest of the will was filed by Jeanne T. Moore and after such contest was heard and overruled in the probate court, and such judgment appealed to the district court, the probate court removed W. Lee Moore, Jr. as independent executor and named him Temporary Administrator of the Estate of Virgil C. Moore, Deceased. W. Lee Moore, Jr. qualified as such temporary administrator. Thereafter Mrs. Moore filed her application for widow's allowance and following a hearing in the probate court an order was issued directing the temporary administrator to pay Mrs. Moore the sum of $42,366, less certain offsets and credits. This order was appealed by the temporary administrator to the district court.

Following a trial *de novo* of the issues presented by the appeal concerning the widow's allowance, including testimony concerning offsets and credits, a jury awarded the sum of $51,948 to Mrs. Moore as a reasonable widow's allowance. In the final judgment rendered in the district court this amount was reduced to $36,000 and judgment rendered for that amount. The temporary administrator appealed to this court and we rendered an opinion affirming the judgment of the trial court. The Supreme Court of Texas refused to grant a writ of error, finding no reversible error. Moore v. Moore, 430 S.W.2d 247 (Tex.Civ.App., Dallas 1968). Our judgment having become final the mandate was issued to the District Clerk. The District Clerk certified the judgment to the County Clerk of Dallas County. Pursuant to Section 328, Probate Code, Vernon's Ann. Civ.St. of Texas, demand for payment was made on the temporary administrator but such demand was refused. Complying with Section 328, Probate Code, the County Clerk, Tom Ellis, issued an execution and placed the same in the hands of Bill Decker,

Sheriff of Dallas County. Sheriff Decker received the monies representing the principal and interest as reflected by the judgment of this court and subsequently delivered said monies to the respondent Ellis. Ellis placed the funds on deposit in a special account. Ellis refused to deliver Mrs. Moore the funds in question contending in his answer, and oral argument before this court, that he believes that he has no authority to pay out funds to the relator except upon direct order of court.

Respondent W. Lee Moore, Jr. contends in written answer, and oral argument before this court, that he does not contest the finality and validity of the judgment of this court. Respondent Moore also admits that he does not contest or deny that relator is entitled to receive the gross sum of $36,000 from the estate of Virgil C. Moore as her family allowance as such sum is fixed and binding upon the estate by virtue of this court's opinion. However, respondent Moore contends that the estate has advanced either directly to relator or indirectly for the benefit of relator in cash the sum of $30,230.56 which should be offset against such $36,000 widow's allowance or credited on account thereof. Respondent Moore argues that pursuant to Rule 313, Vernon's Texas Rules of Civil Procedure, no execution should have issued upon the judgment in this case but that the judgment should have been certified to the county court for observance. He says that after the judgment had been returned to the county court he would have then been entitled to have litigated the question of offsets and payments as above claimed, admitting that such judgment of the probate court would be appealable.

## OPINION

█ The simple question here presented is whether this court should direct the ultimate enforcement of an admittedly valid and final judgment issued by us. We think that we not only have a right but it becomes our duty to protect the judgment

of this court and see to it that it is properly enforced. Maxwell's Unknown Heirs v. Bolding, 57 S.W.2d 874 (Tex.Civ.App., Waco 1933). That this court possesses original jurisdiction to issue extraordinary writs for the purpose of protecting its judgment and jurisdiction cannot be questioned. Art. 5, Sec. 6, Constitution of Texas, Vernon's Ann.St.; Art. 1823, V.A.C.S.; Houston Oil Co. of Texas v. Village Mills Co., 123 Tex. 253, 71 S.W.2d 1087 (1934); Conley v. Anderson, 164 S.W. 985 (Tex. Sup.1913); City of Houston v. City of Palestine, 114 Tex. 306, 267 S.W. 663 (1924); City and County of Dallas v. Cramer, 207 S.W.2d 918 (Tex.Civ.App., Dallas 1947); Halbrook v. Quinn, 286 S. W. 954 (Tex.Civ.App., Amarillo 1924); Maxwell v. Bolding, supra; National Surety Corporation v. Jones, 158 S.W.2d 112 (Tex.Civ.App., Eastland 1941).

The rights of the respective parties concerning the issues presented in the probate and district courts have been finally adjudicated and decided by the opinion of this court. The matter having reached final determination there remains nothing to be done but to comply with the court's order.

■ We cannot agree with respondent Moore that the judgment in this case falls within the category of judgments described in Rule 313, T.R.C.P. That rule makes provision for a judgment for the recovery of money against an executor to be paid in the due course of administration and no execution shall issue thereon. The judgment in this case is not such a judgment, but represents money to be used as family allowance in support of the widow of the deceased. The law expressly directs that a family allowance "shall be paid in preference to all other debts or charges against the estate, except expenses of the funeral and last sickness of the deceased." Sec. 290, Probate Code, V.A.C.S. Even the funeral expenses are limited to $1,000. Sec. 322, Probate Code. Thus it is evident that the law places the family allowance almost at the top of all items incident to the administration of the estate. We think, therefore, that the very nature of the claim itself, with its high priority under the Probate Code, demonstrates conclusively that this judgment does not fall within the category of "money judgment" as contemplated by Rule 313, T.R.C.P.

■ Neither can we agree with respondent Moore that he should be entitled to have this judgment sent back to the probate court and there reopened and reviewed in the light of possible offsets and credits. This is for the simple reason that such question of offsets and credits was duly raised in the probate court in the first instance and also presented to the district court, on appeal *de novo*. While there was ample testimony in the district court concerning offsets and credits, and respondent Moore admits that the burden of proof was upon him to establish such items, yet he made no effort to request or have submitted to the jury in the district court any question concerning such matters. He must therefore be deemed to have waived same. Certainly it would be wrong and inequitable to permit respondent Moore to now reopen the matter after it has completed its course through all of the courts of Texas. To accept the contention made by respondent Moore would be to open the door to endless litigation. This is not now, nor has it ever been, the policy of the law. The law favors an end to litigation and we think that the record in this case demonstrates that insofar as the subject matter of the controversy is concerned this litigation is at end.

It is therefore the order of this court that the respondent Tom E. Ellis, County Clerk of Dallas County, Texas, pay to relator Jeanne T. Moore the monies held by him in satisfaction of the judgment of this court. We assume that the respondent Ellis will comply with this order without the necessity of issuance of a writ of mandamus and we therefore refrain from ordering the issuance thereof until respondent Ellis shall have had a reasonable time to

comply with our order and directions. The cost of this proceedings is assessed against respondent Moore.

Writ of mandamus granted.