## JACKSON et al. v. THE PRÆTORIANS et al.
### No. 11933.

Court of Civil Appeals of Texas. Dallas.
Feb. 9, 1935.

Rehearing Denied March 9, 1935.

Lyle Saxon and J. E. Burkholder, both of Dallas, for appellants.

Davidson, Randall & Gray, of Dallas, for appellees.

LOONEY, Justice.

Appellants alleged that certain notes executed by them, secured by the lien of a trust deed on certain real estate situated in the city of Dallas, were usurious, and prayed that a threatened trustee's sale of the property in satisfaction of the notes be enjoined. The court granted the writ, restraining the sale of the property and any further offers of sale under the trust deed, subject to future orders. Appellees filed a motion to dissolve, which, being overruled, the injunction was continued in force subject to future orders. No appeal was perfected from this order. Thereafter, in an amended answer, appellees declared upon the notes and trust deed, prayed judgment against appellants for debt and foreclosure upon the property, and therein sought the appointment of a receiver to take possession of the real property pending the outcome of the suit. Over objections urged by appellants, the court appointed a receiver, but later, on motion, dissolved the receivership, thus leaving the injunction theretofore issued in full force. More than 30 days after the dissolution of the receivership, and during the subsequent term, the court of its own motion, and without notice to the parties, entered an order setting aside its order made at the former term, dissolving the receivership, and thereupon reappointed the receiver, from which this appeal was taken.

Assuming, but not deciding, that the court was authorized on its own motion, without notice, to vacate its former order dissolving the receivership, and to reappoint the receiver, yet we think, in the situation presented, the appointment was unauthorized, in that the effect of the receivership was to suspend or destroy the effectiveness of the injunction then in force. It is true the injunction simply prevented a sale of the real estate under the trust deed; however, that was not an end within itself, but simply the means to the ends sought to be accomplished by appellants, that is, to be protected in the undisturbed possession of the property and in the enjoyment of its revenues and benefits pending the outcome of the litigation. Under the receivership, they were ousted of possession and deprived of these revenues and benefits.

In Schalch v. Graham (Tex. Civ. App.) 67 S.W.(2d) 460, a similar situation was presented. We held that an injunction could not be circumvented and its effectiveness destroyed by the subsequent issuance and execution of a writ of sequestration in a foreclosure suit. The situation there presented and the one under consideration are to all intents and purposes the same, as the relationship between a sequestration and a receivership is intimate; both originated in equity; neither creates a lien or right, but is considered as in

the nature of a judicial deposit, and, although differing in procedure, they have an identical purpose, that is, the preservation of property or the thing in controversy pending the litigation, in order that it may be subjected to such orders or decrees as the court may make or render.

For reasons indicated, we think the court erred in appointing the receiver; therefore its order is set aside, the receivership dissolved, and the receiver is directed to make final report to the court below and surrender to appellants all property and revenues derived therefrom coming into his possession under such appointment.

Reversed and rendered.