### JACKSON et al. v. THE PRÆTORIANS.
#### No. 12029.

Court of Civil Appeals of Texas. Dallas.

May 18, 1935.

Lyle Saxon and J. E. Burkholder, both of Dallas, for appellants.

Davidson, Randall & Gray, of Dallas, for appellee.

LOONEY, Justice.

Rebecca and Robert Jackson sought and obtained a writ of injunction restraining the sale of certain lands belonging to them, under a trust deed given to secure an indebtedness to The Prætorians; the contention of plaintiffs being that the indebtedness was tainted with usury, and they also sought injunctive relief under the provisions of the now defunct moratorium statute. The court overruled a motion to dissolve, from which no appeal was taken. At this juncture, The Prætorians filed a cross-action, declaring upon its notes and trust deed, asked judgment for its debt, with foreclosure, and incidentally prayed for the appointment of a receiver to take possession of the property involved. On hearing, the court appointed a receiver, but later on motion dissolved the receivership, and still later, at the subsequent term, of its own motion reappointed the receiver, who qualified and took possession of the properties; from the last order appointing the receiver the Jacksons appealed to this court. On hearing, we reversed the order of the trial

court, dissolved the receivership, directed the receiver to surrender to the Jacksons the property involved, together with the revenues received therefrom, and to make a final accounting to the trial court in regard to his stewardship. The case is styled Jackson et al. v. The Prætorians et al., reported in 80 S.W.(2d) 322, 323, and is referred to in connection herewith.

We dissolved the receivership because, in our opinion, it effectively destroyed the benefits afforded by the injunction under which the mortgagors were protected, at least for the time being, in the undisturbed possession of the property involved, and in the enjoyment of the revenues therefrom.

After the above proceedings, although the injunction was still in force, The Prætorians caused the land to be again advertised, under the deed of trust, to sell April 2, 1935, being the first Tuesday, and also filed a motion to dissolve the injunction, which on hearing was sustained by the court on April 1, 1935, and on the following day, as advertised, the land was sold by the trustee at public vendue, and was bought in by The Prætorians, to whom the trustee made a deed of conveyance, which was recorded in the deed records of Dallas county. The Jacksons duly perfected an appeal from the order of dissolution, and contend that the court abused its discretion in entering the order; and, as relators, filed an original application, setting up the foregoing facts, contending that the purpose of The Prætorians, its agents and attorneys, is to circumvent the judgment of this court and deprive relators of the possession of the property and the rents and revenues thereof, praying that the court issue such process as may be necessary to insure the enforcement of its judgment and the protection of relators in the enjoyment of the benefits thereof.

Both proceedings—that is, the appeal from the order dissolving the injunction and the application invoking the original jurisdiction of this court—were submitted together, and will be so considered.

■ In view of the situation presented, we cannot say that the court abused its discretion in dissolving the injunction. The legal effect of its seeking foreclosure in the cross-action was an abandonment by The Prætorians of its right to pursue the remedy afforded by a sale of the property under the trust deed. Having abandoned such remedy, dissolution of the injunction could not be given the effect of authorizing its further pursuit; hence it was not necessary to longer maintain the injunction, to prevent the pursuit of a remedy, already abandoned. See Davis v. Andrews, 88 Tex. 524, 30 S. W. 432, 32 S. W. 513; Converse v. Davis, 90 Tex. 462, 39 S. W. 277; Openshaw v. Dean, 59 Tex. Civ. App. 498, 125 S. W. 989.

■ The sale of the property by the trustee, the day following the order dissolving the injunction, in our opinion, was ineffective, and passed no title to the purchaser, for two reasons: (a) Because it was had under a remedy previously abandoned; and (b) because it was the consummation of proceedings had in violation of an existing injunction forbidding, subject to future orders of court, the sale, or offer of sale, of said property under the trust deed. The sale by the trustee was not supported by the precedent legal advertisement, required by statute (article 3810, R. S.), the notices thereof being void, because posted in violation of the injunction. Ward v. Billups, 76 Tex. 466, 13 S. W. 308. Furthermore, the appeal from the order of dissolution had the legal effect of continuing the temporary injunction in force pending the appeal; so the entire proceedings—that is, the advertisement, the sale of the property by the trustee, and the execution of the deed to the purchaser—were all had in defiance of the injunction, and for that reason are void. Hubbart v. Willis State Bank, 55 Tex. Civ. App. 504, 119 S. W. 711; Ford v. State (Tex. Civ. App.) 209 S. W. 490, 491.

■ The rights asserted by The Prætorians, under proceedings had since the judgment of this court dissolving the receivership, if permitted, will defeat our judgment, and deprive the parties in whose favor it was rendered of the benefits to which they are entitled. In such a situation we are authorized, by appropriate process, to prohibit attacks on the validity of the judgment and remove all impediments to its enforcement. Browning-Ferris, etc., Co. v. Thomson (Tex. Civ. App.) 55 S.W.(2d) 168; Maxwell's Unknown Heirs v. Bolding (Tex. Civ. App.) 57 S.W.(2d) 874, and authorities cited. Therefore said trustee's sale of the property and the conveyance thereunder to The Prætorians are set aside, and The Prætorians, its agents and attorneys, are restrained from

742

interfering with the enforcement of our judgment, dissolving the receivership, and from interfering with the interested parties in the enjoyment of its benefits, and process will issue accordingly.

The litigation having been denuded of both the injunction and the receivership, except as to the final settlement of the account of the receiver, the case now stands for trial on the petition of the plaintiffs, the Jacksons, and the cross-bill of defendants, The Prætorians.

The Prætorians call our attention to certain equities in its favor, and in this respect a strong case is made, but we are powerless, in these proceedings, to afford any relief or to take judicial cognizance of that situation; however, the orders we now make are without prejudice to the right of The Prætorians to take such action for its protection, and pursue such legal remedies, as may be authorized, not inconsistent with the enforcement of our said judgment and the rights of the parties thereunder.

All costs incident to the appeal from the order dissolving the injunction will be taxed against the Jacksons; all costs incident to the proceedings under the application invoking our original jurisdiction will be taxed against The Prætorians.

The order dissolving the injunction is affirmed, and the petition of relators for injunctive relief is granted.