**WIMBISH et ux. v. SOUTHERN HOME BLDG. CO. et al.**

**No. 12050.**

Court of Civil Appeals of Texas. Dallas.

Sept. 28, 1935.

Saxon & Burkholder, of Dallas, for appellants.

Renfro & McCombs and James A. Kilgore, all of Dallas, for appellees.

BOND, Justice.

This is an appeal from an order dissolving a temporary injunction, restraining appellees from enforcing the terms and provisions of a deed of trust owned by the appellees, by the exercise of the power of sale contained therein. After the dissolution of the injunction, the appellants perfected the appeal and made supersedeas bond, as required by the court below, to supersede the order of dissolution.

The injunction was originally granted on the petition of appellants, alleging fraud on the part of appellees, in connection with a contract for the sale of land, a part of which is evidenced by the deed of trust sought to be foreclosed. The appellants, in their petition, prayed for the rescission and cancellation of the sale contract and for an injunction restraining the foreclosure under power of sale.

Since the perfecting of the appeal by the appellants, the appellees have abandoned their attempt to foreclose under the power of sale, and instituted foreclosure proceedings in the court below, by way of cross-action on the merits of the suit, and files in this court a motion to dismiss the appeal because of the abandonment of the remedy affording a sale of the property under the terms of the deed of trust.

■■ The incomplete efforts to sell the property under the deed of trust, in our opinion, do not constitute such an election of a remedy as to estop the appellees from abandoning the foreclosure and instituting the foreclosure suit. The filing of the cross-action constitutes an abandonment by the appellees of their remedy of sale under the deed of trust, and precludes them from asserting the right to exercise the power of sale. The injunction has served its purpose. Jackson et al. v. Prætorians (Tex. Civ. App.) 83 S.W.(2d) 740; Bargaimes v. Coke, 86 S.W.(2d) 653, this day decided by this court. Consequently, since the appellees will have only such rights of foreclosure and possession as may be

granted by the trial court in the trial upon the merits of the case, the issues involved in this appeal have become moot.

The issues having become moot, at the instance of the appellees, after the appeal was perfected, thus avoiding a consideration and determination by this court, the motion of appellees to dismiss the appeal should be sustained, the appeal dismissed and all costs taxed against the appellees; it is so ordered.

Cause dismissed.