**BARGAIMES v. COKE et al.**

No. 12046.

Court of Civil Appeals of Texas. Dallas.
Sept. 28, 1935.

Rehearing Denied Oct. 19, 1935.

Lyle Saxon and J. E. Burkholder, both of Dallas, for appellant.

S. P. Sadler, of Dallas, for appellees.

BOND, Justice.

James Bargaimes filed his petition in a district court of Dallas county, Tex., alleging that R. K. Coke, Jr., the beneficiary, and S. P. Sadler, the trustee, were seeking to satisfy, by a sale of real estate under the powers conferred by a deed of trust, a promissory note, which Bargaimes had given to Coke and which had been paid and the lien fully discharged, and sought a temporary injunction to restrain the appellees from exercising the powers of sale under the deed of trust and to cancel the note and lien.

The property was advertised for sale on March 5, 1935, and on March 2, 1935, the judge of the district court made the following order: "When the plaintiff shall have filed a properly conditioned bond in the sum of $250.00, the clerk shall issue a restraining order, as prayed, against the defendant." The bond was duly given and the writ of injunction was issued and served on the defendants.

On March 15, 1935, the defendants filed answer, under oath, denying the material allegations of the plaintiff's petition, and in cross-action sought judgment on the note, a foreclosure of the deed of trust lien, and for the appointment of a receiver pending a final hearing. On the same date, the defendants filed also a verified motion to set aside and dissolve the restraining order theretofore granted, denying in toto all of the allegations of plaintiff's petition, and making reference to their answer and cross-action as a cause for dissolution of the order. The plaintiff filed no pleadings challenging appellees' right for the appointment of a receiver.

On April 30, 1935, on hearing, the court dissolved the injunction and appointed a receiver of the property during the pendency of the suit. The order of dissolution and the appointment of the receiver is the basis of this appeal.

The order of the judge of the district court directed the clerk of his court to issue a "restraining order," restraining the defendants from selling the property, as advertised under the powers of the deed of trust. No hearing was ordered, nor was the order limited as to time, and must, therefore, be classified as a temporary injunction [Scarborough v. Connell (Tex. Civ. App.) 84 S.W.(2d) 734], from which an appeal lies.

The appellant, in his petition to prevent the sale by the trustee, sought also to cancel the note and deed of trust forming the basis of the sale, thereby bringing into the jurisdiction of the court, at his instance, all of the issues involved as between the plaintiff and the defendants, affecting the validity of the debt and lien as against the property involved in the suit. Defendants accepted the issues, filed an answer and a cross-action, seeking judgment on the note and foreclosure and, incidentally, for a receiver to take possession of the property. The pleadings brought all of the parties and subject-matter before the court for determination, and effectually destroyed the right of appellees to undertake to have the property sold at trustee's sale, under the terms of the deed of trust. In legal effect, their acts were an abandonment of their right to pursue the remedy afforded by a sale of the property under the terms of the deed of trust. Jackson et al. v. The Prætorians (Tex. Civ. App.) 83 S.W.(2d) 740. They

having abandoned such remedy and the injunction previously granted having served its purpose at the time of the hearing, became functus and moot, and its continuation was not necessary to prevent a remedy already abandoned. It is clear, we think, that the court did not abuse its discretion in dissolving the injunction.

On the hearing had, the court had also under consideration for determination appellees' application for the appointment of a receiver for the property. The pleadings and evidence raised the issue that the conditions of the deed of trust had not been performed and the property was probably insufficient to discharge the mortgaged debt, to which no answer was filed. It must, therefore, be taken as true, as bearing on the appointment of a receiver. Bingham v. Graham (Tex. Civ. App.) 220 S. W..105; Smith v. Lamon (Tex. Civ. App.) 143 S. W. 304; Simpson v. Alexander (Tex. Civ. App.) 188 S. W. 285. The appointment having been made after notice, and with all interested parties present announcing ready for trial, such appointment should not be disturbed on appeal in the absence of a clear abuse of discretion.

Under the authorities cited and the manifest theory on which the injunction was dissolved and the receiver appointed, the judgment of the lower court is affirmed.