## JACKSON et al. v. THE PRÆTORIANS et al.

### No. 12111.

Court of Civil Appeals of Texas. Dallas. Sept. 28, 1935.

Lyle Saxon and J. E. Burkholder, both of Dallas, for relators.

Davidson, Randall & Gray, of Dallas, for respondents.

LOONEY, Justice.

The matter under consideration is a sequel to prior proceedings in regard to the same controversy. A short résumé of the past will tend to an understanding of the present. Relators sought in the court below and obtained an injunction against The Prætorians and others, restraining the sale, under a deed of trust, of certain real estate situated in the city of Dallas. No appeal was taken in the injunction proceedings, but later, in a cross-action, The Prætorians sought judgment upon its notes and foreclosure of the lien of its trust deed on the property, and also sought and obtained the appointment of a receiver, who qualified and took possession of the real estate involved. On appeal by relators herein, we dissolved the receivership and directed the receiver to make a full and final accounting to the trial court, and surrender to relators the property involved, together with the revenues received therefrom. This matter is reported under the style of Jackson et al. v. The Prætorians et al. in (Tex. Civ. App.) 80 S.W.(2d) 322, 323. Subsequent to the events just detailed, The Prætorians caused the real estate to be again advertised, under the trust deed, to sell on April 2, 1935; and also filed a motion to dissolve the injunction. The motion to dissolve was heard by the court and sustained on April 1, 1935; and on the following day, as advertised, the land was sold by the trustee, and bought in by The Prætorians, to whom the trustee in due form executed a conveyance, which was recorded in the deed records of Dallas county. The relators perfected an appeal to this court from the order dissolving the injunction, and also instituted in this court an original proceeding, setting up the precedent facts, contended that the purpose of The Prætorians was to circumvent our judgment dissolving the receivership, to oust relators from the possession of the real estate, thereby depriving them of the rents and revenues thereof, and praying for the issuance of all necessary process to insure the enforcement of the judgment rendered in their favor. We affirmed the order of the court dissolving the injunction, but held that the sale of the real estate by the trustee passed no title to The Prætorians, and that its assertion of ownership thereunder, if permitted, would defeat the judgment of this court in the receivership proceedings, and deprive relators of the benefits thereof; hence, we set aside the trustee's sale of the property and all proceedings relating thereto, and enjoined The Prætorians, its agents and attorneys, from interfering with the enforcement of said judgment and relator's possession of the property, holding, however, that our orders should not be construed to prevent The Prætorians from taking such legal action, not inconsistent with the enforcement of our said judgment in the receivership proceedings, as it deemed proper for its future protection.

This matter is reported under the style of Jackson et al. v. The Prætorians et al. (Tex. Civ. App.) 83 S.W.(2d) 740, 742.

We now have under consideration an original application by relators for appropriate process to require the execution of those judgments, and to compel delivery to them of the rents and revenues collected both by the receiver and The Prætorians during the time relators were dispossessed of the property.

It appears that on June 20, 1935, subsequent to the events just detailed, The Prætorians sued out a writ of sequestration, under which the real estate involved was seized, but prior thereto, believing that it had the legal right to do so under its purchase of the property at the trustee's sale, collected certain rents from the tenants occupying the premises, and is retaining same. It also appears that on July 11, 1935, after the issuance of the mandate of this court, the court below had under consideration a motion by relators for an order directing the receiver to turn over to them the rents and revenues collected from the property during the receivership, and also for an order requiring The Prætorians to turn over the funds collected by it. The court entered an order disposing of the matter as to the receiver, which need not be mentioned further, as it is not before us for review, but the court failed to require The Prætorians to surrender the amount of rents collected by it prior to the time the property was seized under the writ of sequestration; and in this respect we think the court erred. Under the prior orders of this court, relators were clearly entitled to possess the property, and, as a corollary, to enjoy its rents and revenues until deprived of possession under the writ of sequestration.

The right to possess the property would be of no avail, and our judgment rendered futile, if relators are deprived of the rents and revenues that accrued prior to the sequestration. So, we sustain the application and direct that The Prætorians and its proper officer or officers, having custody of said fund, surrender same to relators or their attorneys, on the ascertainment of the amount thereof by the trial court, for which purpose this matter is certified to the court below.

Application for mandatory injunction, granted, and the cause certified with instructions.