## BARGAIMES v. LEMONS.

### No. 12339.

Court of Civil Appeals of Texas. Dallas.

Sept. 26, 1936.

Rehearing Denied Oct. 31, 1936.

512

Lyle Saxon and J. E. Burkholder, both of Dallas, for appellant.

Douglas E. Bergman, of Dallas, for appellee.

JONES, Chief Justice.

In a suit in a district court of Dallas county, instituted by appellant, James Bargaimes, against R. K. Coke, Jr., the latter by way of cross-action sought to recover judgment from appellant on a vendor's lien note, further secured by a deed of trust lien on the same land, in the city of Dallas, and also to recover against appellant an unsecured personal indebtedness.

The trial resulted in a judgment in favor of appellant on the issue that the vendor lien note had been fully paid and discharged before the institution of the suit, and recovery thereon was denied and the liens alleged by him were canceled. Coke, however, recovered judgment in the sum of $1,209.57 on his claim of an unsecured indebtedness against the appellant.

During the pendency of this suit and before its trial in the district court, Coke secured the appointment of W. H. Lemons, appellee, as receiver of the land alleged to be encumbered by the vendor's and deed of trust liens, to take into possession the property, collect the rents, and hold them subject to the order of the court. The receiver was not discharged by the judgment rendered, notwithstanding the judgment decreed that no lien existed, and in effect, that the grounds upon which the receiver was appointed did not exist at the time of the appointment. Both parties appealed from the judgment, appellant filed a supersedeas bond in the sum of $3,000, and Coke filed an appeal bond only, to secure the cost of the appeal. That portion of the judgment in favor of appellant was not superseded by Coke's appeal, but the personal judgment against an unsecured indebtedness in favor of Coke, and the appointment of the receiver were superseded and this judgment is not enforceable pending the appeal. The appeal from this suit is pending in this court.

Under the conditions above stated, appellant demanded from the receiver possession of his property. This demand was refused by the receiver, and he still holds appellant's property and collects the rents, though the judgment has been superseded, and the lien against the property is decreed not to exist.

On the refusal of the receiver to deliver to him such property, appellant instituted the instant suit for the issuance of a temporary writ of injunction, to restrain the receiver from collecting the rent and from interfering with appellant in the free use of his property. The court denied the injunction; hence the appeal.

■ We are of the opinion that the court erred in refusing to grant the temporary writ of injunction: First, because under the judgment, when Coke instituted this suit to recover on the vendor's note and foreclose the alleged lien on appellant's property, the amount of the note indebtedness had been fully discharged by appellant before the suit was instituted, and of course the lien, as a matter of law, was discharged, and the ground for the appointment of a receiver, as a matter of law, had no existence; second, the judgment had been duly superseded, and this entitled appellant to possession and use of the property.

■ The receiver contends that the application for the injunction by appellant was an application for a permanent injunction and not for a temporary injunction, hence is not appealable, for there had been no service of process or trial on such application. We cannot agree to this contention. When the petition is considered as a whole, it clearly appears that it is in an application for a temporary writ of injunction, to be effective only pending the appeal of the main case. This is clearly shown by that portion of the prayer which is for the issuance of an injunction "pending the final determination of the aforesaid appeal, all as the law provides in cases of this nature."

We therefore hold that the court erred in refusing to grant the temporary injunction, and reverse and render the judgment of the lower court, and grant a temporary writ of injunction in favor of appellant, restraining the receiver from withholding the property from appellant and from interfering with him in the collection of the rents, pending the appeal of the main case on appellant's filing a bond in the sum of $200, conditioned as required by law, and the cause is remanded to the trial court, with instruction to execute this judgment.

Reversed and rendered, granting the temporary writ of injunction.