## COKE et al. v. BARGAIMES.
### No. 12351.

Court of Civil Appeals of Texas. Dallas.
April 16, 1938.

Rehearing Denied May 14, 1938.

S. P. Sadler and Douglas E. Bergman, both of Dallas, for appellants.

Lyle Saxon and J. E. Burkholder, both of Dallas, for appellee.

YOUNG, Justice.

James Bargaimes, appellee, originated this proceeding March 2, 1935, by filing in a district court of Dallas county a petition against R. K. Coke, Jr., S. P. Sadler trustee, and the Maple Lawn Lumber Company, appellants, to enjoin a threatened trustee's sale of real estate and premises located on North Fitzhugh street, Dallas, under a deed of trust in favor of Coke, Jr., securing a note for $1,988 signed by Bargaimes, payable to Maple Lawn Lumber Company and transferred to said Coke, and to cancel the said $1,988 note and lien securing same. R. K. Coke, Jr., and wife had previously, on March 7, 1931, conveyed the above real estate to Bargaimes, subject to substantial first and second lien notes to M. P. Crum Company, executed by Coke in purchasing the property. For the equity of Coke in the sale to Bargaimes, he received a small cash payment, a house and lot on Lemmon avenue, and a Forrest Hill addition lot, all subject to existing indebtedness thereon. The Fitzhugh street property was encumbered with several other small lien notes at the time, secondary to the M. P. Crum Company notes, none of which were assumed by Bargaimes. As additional consideration, appellee executed to the Maple Lawn Lumber Company two notes for $1,988 and $950, respectively; the latter note having been paid and the $1,988 note having been transferred to appellant Coke prior to this suit. In the former purchase of the Fitzhugh street property, appellant Coke and wife had executed a chattel mortgage and deeds of trust securing the lien notes to M. P. Crum Company, obligating themselves to pay the debts so created as they became due, as well as all charges on the property conveyed, including taxes, a failure so to do authorizing the holder of the secured indebtedness to pay delinquent taxes or charges, with right of subrogation, 10 per cent. interest and attorney's fee. The deeds of trust authorized a sale of the described property on default of indebtedness secured, or any breach of the conditions thereof, including the above tax payments. The deed of trust executed by Bargaimes, plaintiff below, to Coke, Jr., securing the $1,988 note, obligated the former to pay taxes on the Fitzhugh street property—city, county, and state—promptly as they became due; a failure giving the noteholder the right of subrogation upon payment of any such taxes.

The parties will be styled as in the trial court. The injunction feature of the case and the later receivership of the property described have already been before this court on previous appeals. See Bargaimes v. Coke et al., 86 S.W.2d 653, and Bargaimes v. Lemons, 97 S.W.2d 511, for further facts relative to previous phases of this litigation. Plaintiff, Bargaimes, contended in his original pleading for injunction that he owed only a balance of $430.14 at the time the notices of foreclosure were posted, and that R. K. Coke, Jr., defendant in said action, had failed to pay some "assumed" taxes on the Lemmon avenue property, while in possession, in the sum of $477.83, which constituted a debt from Coke to plaintiff Bargaimes, thereby wiping out the $1,988 owing to such defendant. Coke, Jr., defendant, in his cross-action, sued for an alleged balance on said $1,988 note and foreclosure of his lien, alleging said balance to be $974.68 at the date of posting of trustee's notices, with 10 per cent. attorney's fee. Defendant Coke, Jr., also sued for an aggregate of $849.06, being city, county, and state delinquent taxes paid by him on the Fitzhugh street property, under his obligations in his deeds of trust to the prior lienholder; pleading the failure of plaintiff Bargaimes to do so under terms of the deed of trust securing the $1,988 note above mentioned. The answer of plaintiff to this cross-action, filed December 9, 1935, was a reaffirma-

tion of the allegations of his original petition, and a denial of the affirmative claims of defendant Coke, Jr.

A trial to the merits before the court was had November 18, 1935, the issues therein being the amount of credits plaintiff Bargaimes was due on said $1,988 note, whether the same was fully paid, and the status of the accounts between the parties; also whether Coke, Jr., was entitled to a lien judgment against the Fitzhugh street property on account of the $849.06 tax payment alleged. The court, after hearing the evidence and argument of counsel, took the case under advisement, and on January 20, 1936, on his own motion, appointed W. T. Henderson "to audit the records of both the plaintiff and defendants herein, and make proper report to this court within due time." On March 23d following, Mr. Henderson filed his report as auditor, the defendants Coke, Jr., et al. immediately filing their objections and exceptions thereto, which were by the court overruled and exceptions taken. On April 28, 1936, the court made findings presumably on said auditor's report, and entered judgment, giving Bargaimes additional credits to those admitted by Coke, Jr., and shown on the note, as follows: (1) Merchandise delivered to Coke, Jr., by Bargaimes, $92.79; (2) cash paid to Coke from time to time by Bargaimes, $122.13; (3) rents collected by Coke and the Maple Lawn Lumber Company on the Lemmon avenue property, while in possession, $1,246; further, that a balance on account was due from Bargaimes to defendants Coke in the sum of $370.62, but that the entire principal and interest on the $1,988 note had been paid on October 7, 1933, prior to the filing of suit. The judgment canceled and held for naught cross-defendant Coke's deed of trust lien to secure the $1,988 note, also denied his subrogation lien for taxes paid of $785, but rendered a personal judgment in favor of such defendant and against Bargaimes for the last-named amount, with interest, and the $370.62 above, a total of $1,209.57, with legal interest from date of judgment. All costs, including the receivership expense and auditor's fee of $100, were taxed against all defendants generally; and against R. K. Coke, Jr., especially; to all of the terms of such judgment, defendants appealed; plaintiff Bargaimes filing an appeal, and a cross-assignment of error as to the personal judgment against him for the $785, amount of taxes paid on the Fitzhugh street property.

Defendants' 23 assignments of error and 38 propositions thereunder complain principally of the judgment of the trial court, where the items of $92.79 for merchandise, $122.13 cash, and $1,246 rents, were credited to the plaintiff Bargaimes; also in the finding that Coke, Jr., was a volunteer in the payment of the $785 tax item and not entitled to subrogation. Defendant Coke's contentions are mainly dependent upon a determination of the correctness of the credits and findings just stated. We will pretermit any discussion of the sufficiency of plaintiff's answer to defendants' cross-action under the provisions of articles 2004, 2005 and 2014, 2015, R.S. Such pleading was filed some time after the trial of November 18, 1935, the plaintiff therefore interposed no answer to defendants' affirmative claims at time of trial, except the statutory general denial. Article 2005, R.S. It may be that the pleading in question was sufficient under Key v. Jones, Tex.Civ.App., 191 S.W. 736, 737, writ refused together with the informal manner in which the trial proceeded. Be this as it may, we are desirous of finally concluding this litigation, as all facts, direct and collateral, touching the issues at hand, have been fully, if not voluminously, developed.

First to be considered is the status and effect, as evidence, of the so-called auditor's report. This important procedural feature of a lawsuit, under article 2292, R.S., clearly contemplates an appointment well enough in advance of trial so that the report itself may be filed prior thereto and exceptions taken, that may or may not, become issues on the trial, later to be had. Here the appointment of Mr. Henderson was made after the trial and while the case was under advisement. Full objections and exceptions were promptly taken to the report, upon its filing, which were overruled and judgment rendered some 30 days later, plainly following the figures, calculations, and conclusions of this report. Though no request therefor was shown, defendants were entitled to a full hearing and determination of issues based upon said exceptions to the auditor's findings, and, in lieu thereof, it cannot be said that such report had the standing and effect of a statutory reference, contemplated by article 2292 R.S., not being in compliance therewith. It will be considered here only so far as it recapitulates the evidence heard upon the trial already

907

had, and in no sense conclusive. We will observe, however, that the report, though perhaps going beyond the transactions put in issue by the pleadings, very properly makes findings on diverse theories under the facts adduced, subject to the court's determination of the controlling issues, which were beyond the auditor's province to decide. 36 Tex.Jur., Reference, § 11.

Upon examination of defendants' assignments, complaining of unauthorized credits, we find that the parties, without dispute, arrived at $557.06 as the amount of merchandise that should have been charged to Coke, Jr. Of this amount the court found, upon the hearing, that Bargaimes had not been given credit in the sum of $92.79; also the court found that Bargaimes paid the defendant Coke $122.13 (should have been $112.13 under the testimony), for which he had no checks, and for which he was entitled to credit. In this state of the record, there being evidence and circumstances on which these findings could be based, we do not feel warranted in holding otherwise. 3 Tex. Jur., Appeal and Error, § 749.

Referring to the item of $1,246, rents received by Coke, Jr., and the Maple Lawn Lumber Company on the Lemmon avenue property after the deed from Bargaimes, and credited to the latter party by the court, the amount being undisputed, we find no basis in law for such charge as against defendants. For our reasoning on this point, we quote the following excerpt from appellants' brief: "Bargaimes conveyed the Lemmon Avenue property to R. K. Coke, Jr., subject to the indebtedness against it, and assuredly he was entitled to whatever rent he could get for the property, as the equity was in part payment of the consideration for the Eight Apartment Building on Fitzhugh conveyed by R. K. Coke, Jr. and wife to Bargaimes. R. K. Coke Jr. conveyed this equity to Maple Lawn Lumber Company, and assuredly it was entitled to the rent thereof." The defendants, just as reasonably, could have demanded of Mr. Bargaimes a credit for the accrued Fitzhugh street apartment rents after passing of deeds, to which defendants, of course, were not entitled. Nowhere in his reply brief do we find any effort on the part of appellee to justify this finding, except in the presumed conclusiveness of the auditor's report, which has been already discussed.

The trial court was further in error in failing to give defendant Coke, Jr., full right of subrogation in the payment of taxes on the Fitzhugh street property in March, 1935, and in finding such defendant to be a volunteer as to the same. From what we have said above, the court below should have found a balance due and owing on the $1,988 note at the time notices of sale were posted, but even if such had not been the case, the position of Coke at the time of the tax payment was not that of a volunteer. In the deeds of trust to the Crum Company, this defendant was under the legal and primary obligation to pay these taxes, in the event of failure of the subsequent purchaser (Bargaimes) to do so. In such a case, or where a person has been compelled to pay a debt in order to save himself from a loss (such as increased tax penalties, or imminent breach of deed of trust provisions), subrogation rights will be accorded in a court of equity. 39 Tex.Jur., Subrogation, § 27. And money paid by one, who in good faith believed such payment necessary to protect his interest, even though he be mistaken as to the facts, is not a volunteer. Minchew v. Hankins et al., Tex.Civ.App., 278 S.W. 306, 309, affirmed by Supreme Court, 285 S.W. 264. Additional to this, defendant Coke had contractual authority from Bargaimes, under the deed of trust securing the $1,988 note, to pay these taxes. The Prætorians v. State et al., Tex.Civ.App., 53 S.W.2d 334, writ refused. Coke, Jr., was at no time personally liable for the payment of $477.83 taxes on the Lemmon avenue property, as contended by Bargaimes in his pleading and upon the trial, as he took the property subject to all indebtedness thereon. See The Prætorians v. State et al., supra.

We conclude that the correct amount due on the $1,988 note, on November 18, 1935, was $885.28 and 10 per cent. attorney's fee. The judgment of the trial court is reversed and rendered in favor of appellant R. K. Coke, Jr., for the balance due on the $1,988 note, in the above amount of $885.28 with 10 per cent. interest from November 18, 1935; attorney's fee $88.52, with interest at 6 per cent. from said date; and for $785 taxes paid, with interest at 6 per cent. from March 11, 1935; and foreclosure on the Fitzhugh street property, as prayed. All motions and assignments of error of appellants, not specifi-

cally dealt with otherwise, are here overruled, together with the cross-assignment of appellee. All costs of this appeal and in the court below to be taxed against said appellee, James Bargaimes.

Reversed and rendered.