IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-11-00005-CR

 

In
re Robert Whitfield

 

 



Original Proceeding

 

 



MEMORANDUM  Opinion



 

Relator’s “application” for writ of
mandamus is denied.  

 

 

REX D. DAVIS

Justice

 

Before
Chief Justice Gray,

Justice Davis, and

Justice Scoggins

Petition
denied

Opinion
delivered and filed January 19, 2011

Do
not publish

[OT06]








 






  ET AL.,
                                                                              Appellees
 
 
From the 77th District Court
Limestone County, Texas
Trial Court # 24,295-A
                                                                                                                 

O P I N I O N
                                                                                                                 

      We affirm a conditional interlocutory order appointing a receiver to take control of certain
property that is the subject of disputed claims.
THE DISPUTE
      Rampart Capital Corporation (Rampart) owned a note dated May 30, 1985, signed by Cameron
Henderson Oil Company, Inc. (CHOC), payable to the First National Bank of Wortham. Rampart
believed that it held a deed of trust to secure the note, covering three lots in Mexia to which Dayton
Reavis Corporation (Dayton Reavis) held title. When Rampart posted the property for foreclosure,
Dayton Reavis and CHOC sought injunctive relief to stop that course of action. The court issued
an injunction prohibiting Rampart from foreclosing. Rampart filed a counterclaim asserting, among
other things, its promissory note against CHOC and asking for a declaratory judgment that its lien
extended to the property in the hands of Dayton Reavis. To forestall Dayton Reavis from disposing
of the property or its being lost to taxes or destroyed, Rampart sought to have a receiver appointed. 
In a hearing that occurred over three days ending on July 23, 1997, the court appointed Richard
L. Sadler as receiver with the power to take charge of the property; insure, maintain, and lease it;
collect rent; and pay taxes. The appointment was stayed, however, unless one of the following
conditions occurred: (1) Dayton Reavis failed to demonstrate by July 24 that it had insurance on
the property; (2) Dayton Reavis failed to pay taxes for the years 1991 and 1992 by July 24; or (3)
Cameron Henderson was extradited to the State of Indiana. The order provided that, even if one
of the conditions occurred, the court would lift the stay only after notice and a hearing. 
PRE-ARGUMENT MOTION
      Rampart filed a pre-argument motion to dismiss the appeal for want of jurisdiction, which we
denied. The thrust of the motion was that the order is not final and appealable because it was
"conditional," i.e., the receiver could not act until the court determined "after notice and hearing"
that one of the conditions had been met.
      We carefully reviewed the order and determined that it was an "order appointing a receiver." 
See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(1) (Vernon Supp. 1998)("A person may
appeal from an interlocutory order of a district court, county court at law, or county court that: (1)
appoints a receiver or trustee; . . . ."). All of the elements which Rampart was required to prove
were determined at the hearing that led to the order from which Dayton Reavis has appealed. All
of the terms and conditions of the receivership were set forth in the order. Thus, we concluded that
it was an appealable interlocutory order and denied the motion to dismiss the appeal.


 Id.
IS THIS APPEAL MOOT?
      Dayton Reavis suggests that the appeal has been rendered moot by the entry of a final judgment
in the underlying suit. This assertion is a form of the "one-judgment rule." This rule was long
embodied in a statute, then carried forward in Rule 301 of the Texas Rules of Civil Procedure,
providing: "Only one final judgment shall be rendered in any cause except where it is otherwise
specially provided by law." Tex. R. Civ. P. 301. The rule may be traced back as far as Texas
Revised Civil Statutes article 1337 (1879). Bergeron v. Session, 554 S.W.2d 771, 773 (Tex. Civ.
App.—Dallas 1977, no writ).
      We note that some of the claims formerly involved in the case have not been tried. After the
trial on the merits, the court severed into a separate suit Rampart's claims against Cameron
Henderson personally, claims of fraudulent transfer, and other claims against Dayton Reavis and
CHOC. The final judgment, which is also on appeal to this court, awards Rampart judgment
against CHOC on the note, declares that the disputed lien is enforceable as to Dayton Reavis, and
awards attorney's fees. The court also denied declaratory and injunctive relief that Dayton Reavis
and CHOC sought. 
      Receivers sometimes take possession of property or remain in possession of property to carry
out the terms of a judgment. Thus, the one-judgment rule is often not applied when a receivership
is part of the question. Because the court might continue the receivership to enforce its judgment
or because we may reverse the judgment on the merits and remand the cause for further
proceedings, we decline to dismiss this appeal as moot.
THE RECEIVERSHIP ORDER
      Dayton Reavis says the court erred in appointing the receiver in three ways: (1) the
receivership and the prior injunction cannot exist at the same time; (2) Rampart failed to prove that
it was a creditor; and (3) the evidence did not show that Rampart was entitled to a receiver.
standard of review
      Because receivership is an equitable remedy within the sound discretion of the court, an
appointment will not be disturbed on appeal unless the record reveals an abuse of discretion. 
Abella v. Knight Oil Tools, 945 S.W.2d 847, 849 (Tex. App.—Houston [1st Dist.] 1997, no writ);
see also Balias v. Balias, Inc., 748 S.W.2d 253, 256 (Tex. App.—Houston [14th Dist.] 1988, writ
denied). 
      We reverse for abuse of discretion only when we find the court acted in an unreasonable or
arbitrary manner. See Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 242 (Tex. 1985). 
Stated somewhat differently, abuse of discretion occurs when a court acts "without reference to any
guiding rules and principles." Id. at 241-42. A corollary principle is that a court of appeals may
not reverse for abuse of discretion merely because it disagrees with the court's decision, if that
decision was within the court's discretionary authority. See Beaumont Bank, N.A. v. Buller, 806
S.W.2d 223, 226 (Tex. 1991); Downer, 701 S.W.2d at 242.
mutually exclusive remedies
      To sustain its first issue, Dayton Reavis relies exclusively on Jackson v. The Praetorians for
the proposition that valid and existing injunctive relief precludes the appointment of a receiver. 
Jackson v. The Praetorians, 80 S.W.2d 322 (Tex. Civ. App.—Dallas 1935, no writ). In Jackson,
the Dallas Court held that the injunctive order, although its terms "simply prevented a sale of the
real estate" under the deed of trust, "protected [appellants] in the undisturbed possession of the
property and in the enjoyment of its revenues and benefits pending the outcome of the litigation." 
Id. at 322. Because the receivership had "ousted" appellants from possession and deprived them
of the revenues and benefits, the court set it aside. 
      Here, the injunction obtained by Dayton Reavis prevented Rampart from foreclosing on the
property until disputed issues could be resolved. It did not guarantee Dayton Reavis continued
possession of or benefits from the property. The receivership, on the other hand, was designed
to protect Rampart from adverse actions by Dayton Reavis while the disputed issues were being
resolved. We do not find the two remedies to be mutually exclusive. Each recognized the dispute
and was designed to preserve the status quo pending a trial. Thus, we disagree with the reasoning
of the Dallas Court in Jackson and decline to follow it. We overrule Dayton Reavis' first issue.
statutory basis 
      Section 64.001 of the Civil Practice and Remedies Code provides in part:
      (a) A court of competent jurisdiction may appoint a receiver:
(2) in an action by a creditor to subject any property or fund to his claim; [or]
. . .
(4) in an action by a mortgagee for the foreclosure of the mortgage and sale of the
mortgaged property; 
. . . 
(b) Under Subsection (a)(1), (2), or (3), the receiver may be appointed on the application of
the plaintiff in the action or another party. The party must have a probable interest in or right
to the property or fund, and the property or fund must be in danger of being lost, removed,
or materially injured.
 
Tex. Civ. Prac. & Rem. Code Ann. § 64.001 (Vernon 1997 and Supp. 1998). 
      Dayton Reavis asserts that Rampart failed to prove that it was a "creditor." In support of that
position, it says because Dayton Reavis is a corporation the court's action in appointing the receiver
was also subject to article 7.04 of the Business Corporation Act, which provides:
A. A receiver may be appointed by any court having jurisdiction of the subject matter for
specific corporate assets located within the State, whether owned by a domestic or a foreign
corporation, which are involved in litigation, whenever circumstances exist deemed by the
court to require the appointment of a receiver to conserve such assets and to avoid damage to
parties at interest, but only if all other requirements of law are complied with and if other
remedies available either at law or in equity are determined by the court to be inadequate and
only in the following instances:
 
(1) In an action by a vendor to vacate a fraudulent purchase of property; or by a creditor
to subject any property or fund to his claim; or between partners or others jointly owning or
interested in any property or fund, on the application of the plaintiff or any party whose right
to or interest in the property or fund or the proceeds thereof is probable, and where it is shown
that the property or fund is in danger of being lost, removed, or materially injured.
 
(2) In an action by a mortgagee for the foreclosure of his mortgage and sale of the
mortgaged property, when it appears that the mortgaged property is in danger of being lost,
removed, or materially injured, or that the condition of the mortgage has not been performed
and that the property is probably insufficient to discharge the mortgage debt.
 
(3) In any other actions where receivers for specific assets have heretofore been appointed
by the usages of the court of equity.
 
B. The court appointing such receiver shall have and retain exclusive jurisdiction over the
specific assets placed in receivership and shall determine the rights of the parties in these assets
or their proceeds.
 
Tex. Bus. Corp. Act Ann. art. 7.04 (Vernon 1980). With respect to the issues we must decide,
these statutes do not conflict. Much of the parties' arguments revolve around whether Rampart
properly proved it was a creditor and had "a probable interest in or right to the property or fund,"
as these statutes require.



      Cameron Henderson testified that he held the office of vice-president of Dayton Reavis and was
its sole director. He said the property in question was being leased by Dayton Reavis to BMZ
Corporation. Because he believed Dayton Reavis had the property insured, he said he could furnish
proof of insurance within a day. He denied that he had been sentenced to prison in the State of
Indiana, but Exhibits admitted into evidence strongly suggest he is liable for some type of sentence
in a criminal proceeding in that state. The documentary evidence further suggests Henderson
signed a substantial number of insufficient-funds checks.
      Jimmy Carpenter, vice-president of Rampart, testified that Rampart had a "great interest in
trying to assert that there is a lien on [the] property," it had a legal or equitable interest in the
property, and it was concerned with the condition of the property and its preservation during the
suit. Carpenter said companies with which Henderson was involved were engaged in bankruptcy
proceedings, assets of those companies had been lost for failure to pay taxes, and at least one of
the companies had never filed a federal income tax return. 
      In response to a question on cross-examination, Carpenter said, "Rampart Capital Corporation
was assigned a note and a deed of trust securing the real estate . . . in Mexia. So under that
provision, we are secured lenders pertaining to that corporation." Later, he described Rampart as
"a secured lien holder, that's the interest that Rampart Capital has."
      Exhibits admitted into evidence showed that the taxing agencies in Limestone County had
obtained a judgment against Dayton Reavis for back taxes for the years 1990 and 1991, which
authorized a foreclosure of the property and issuance of an order for its sale.
      The record supports findings that Rampart is a creditor, it had a probable interest in or right
to the property, and the property was in danger of being lost, removed, or materially injured. 
Thus, we cannot say the court abused its discretion in appointing a receiver. Abella, 945 S.W.2d
at 849.
harmlessness
      Rampart also says, even if Dayton Reavis' contentions about the failure of its proof at the
receivership hearing were true, we should affirm the order because the later trial established that
Rampart was a creditor and had a right to look to the property to satisfy its debt. We agree.
      New Rule of Appellate Procedure 44.1 prohibits reversal of a civil judgment unless the
appellate court "concludes that the error complained of: (1) probably caused the rendition of an
improper judgment, . . . ." Tex. R. App. P. 44.1(a)(1). Based on the judgment later rendered in
Rampart's favor, a copy of which is in the record of this appeal and which we will review in due
course, we cannot conclude that the receivership order was improper. See id. We overrule issues
two and three.
      We affirm the order appointing the receiver.
 
                                                                       BILL VANCE
                                                                       Justice
 
Before Chief Justice Davis,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed March 4, 1998
Publish
[WITHDRAWN 4-29-98]